HORN *v.* PERRY *et al.*

(Absent, JOHNSON, JUDGE.)

Decided November 17, 1877.

1877.
Special Term.

1. It is not error for the circuit judge, sitting in chambers in vacation, in the court of Wood county, to dissolve an order of injunction in a chancery cause, pending in the circuit court of Ritchie county, without the said cause having first been removed to said county of Wood, by an order made in term time by the circuit court of Ritchie county, those two counties being in the same judicial circuit: *Hayzlett* v. *Jordan Mc-Millan,* 11 W. Va.

2. The service of legal process on the *4th day of July* is not inhibited by the laws of this State.

3. It is a general rule not to continue a motion to dissolve an injunction, *unless from some very great necessity,* because the court is always open to grant, and, of course, to reinstate an injunction, whenever it shall appear proper to do so, and because too, the plaintiff should always be ready to prove his bill: *Radford's ex'or* v. *Innes's ex'rx,* 1 H. & M. 8; *Arbuckle* v. *McClanahan,* 6 W. Va. 107, 108.

4. The refusal to grant the continuance of the motion to dissolve the injunction in this case was, under the circumstances thereof, proper, the plaintiff not having shown sufficient excuse for not having taken the testimony to prove his bill.

5. Upon the principles laid down in *Radford's ex'or* v. *Innes's ex'rx,* 1 H. & M. 8; *Arbuckle* v. *McClanahan,* 6 W. Va. 107, the dissolution of the injunction was proper.

6. The matters attempted to be set up in this cause were involved in the suit of *Horn* v. *Perry,* and decided by this Court at the October term, 1872, and are therefore *res judicata.*

Appeal from and *supersedeas* to a decretal order made

by the Hon. J. M. Jackson, Judge of the circuit court of Ritchie county, in vacation, on the 15th day of July 1874, dissolving an injunction heretofore granted in a cause in chancery, wherein S. J. Horn was plaintiff and John W. Perry and others were defendants, allowed upon the petition of said plaintiff Horn.

MOORE, JUDGE, who delivered the opinion of the Court, furnishes the following statement of the case:

On the 25th day of February 1867 *Perry* instituted a suit in equity against *Horn*, in the circuit court of Ritchie county, upon a certain contract in writing entered into by them July 19, 1865 ; an *alias subpœna* in said suit was served on *Horn* in person March 18, 1867.

At the November term, 1867, *Horn* still failing to appear and make answer to the bill of complaint, the cause was heard upon the bill and exhibits taken for confessed as to him, and a decree was entered against him in favor of *Perry* for $1,000.00 with interest thereon from the 19th day of July 1865, until paid, and costs; and leave was given *Perry* to sue out process of execution therefor.

*Perry* thereupon sued out an execution, and placed it in the hands of the sheriff. *Horn* then filed his bill in in equity in June 1868, at rules in the clerk's office of said court, alleging that said decree was obtained by fraud, deceit and false representations, and that the claim was false, fraudulent and unjust; that *Perry* had promised him to dismiss said suit; and that relying on said promise, he gave no further attention to said suit, and supposed it had been dismissed, and knew no better until the sheriff attempted to levy said execution on his property. He further alleged that he had a good and perfect defense to said suit, and stated the grounds thereof, and prayed the court to consider the case upon its merits, and to enjoin *Perry* perpetually from issuing any execution on said decree, and to enjoin the sheriff from levying said execution already issued. *Perry* answered the bill, denying *Horn's* grounds of defense, and also denying any

*1877.*
Special Term.

Horn
v.
Perry *et al.*

fraud or misrepresentation on his part in procuring said decree. Depositions were taken by both parties upon the merits of the cause; and the court rendered a decree in the suit December 4, 1869, perpetually enjoining the execution of the decree of November term 1867. Thereupon Perry appealed to the Supreme Court of Appeals; and that court, on the 15th day of October 1872, reversed the decree of December 4th 1869 with costs; and thus left in force the decree of November term 1867. Perry then sued out an execution under that decree, and also an execution for costs in both courts, and placed them in the hands of the sheriff of Wood county. Horn gave a forthcoming bond upon each of these executions, upon which judgments were obtained against him and his sureties therein at the April term 1873, of said circuit court; and executions issued thereon. Horn then obtained injunctions against these executions; but the injunctions were dissolved and the bills dismissed at the April term 1874; and executions again issued upon the last said judgments, and were placed in the hands of the sheriff of Wood county.

On the 5th day of June 1874, Horn filed a bill in chancery in the circuit court of Ritchie county, setting up again the said contract of July 19th 1865, as he did by his first bill, and alleging substantially among other things, that he loaned Perry $1,000.00, which was to be paid back to him out of the first proceeds of the well; that he entered upon the lease mentioned in said contract in good faith, and performed his part of the contract well and truly, until thwarted by said Perry, (stating all he had done and at his own expense, and wherein Perry had failed to comply with the contract on his part); that Perry had sold and conveyed to Linguist the identical interest in the lease, which Perry had previously conveyed to Horn; that Linguist ousted him out of possession of the property by force; that Perry was a party to said contract; that he had expended large sums of money according to the terms of the contract;

that Perry and Linguist had made large sums of money out of said property; that Perry is insolvent, with the exception of a certain claim or decree obtained against him (Horn), in the circuit court of Ritchie county, amounting to about $2,290.40, upon which execution had issued and was in the hands of the sheriff of Wood county, who had levied the same on his (Horn's) property; that, as Perry and Linguist are insolvent and non-residents, if Horn should be compelled to pay the money demanded in the said execution, there would be nothing within the jurisdiction of the court to satisfy a decree, should he (Horn) recover in the suit; that he believes he is justly entitled to recover in the suit the sum of $1,000.00, mentioned in said contract of July 19, 1865, with interest thereon, and also damages sustained by him by reason of the failure and refusal of Perry to comply with said contract, amounting to at least $2,500.00. He prays an injunction to restrain Perry and said sheriff of Wood county from all proceedings to enforce the said decree, or to enforce said execution: and that the said levy upon his property may be released: and that the amount of said execution be applied to the debt he (Horn) has mentioned in this suit, &c. Injunction was granted June 4, 1874. Perry appeared at rules on the first Monday in July 1874, and filed a plea in abatement to the plaintiff's bill, and also filed a demurrer and answer to said bill.

In his answer Perry denies that he ever received the $1,000.00 as alleged in said bill, and gives specific denials to all the allegations, which charge him with improper conduct and fraud. He also makes exhibits of the pleadings and decree, and proceedings in his said suit with Horn, as appeared both in the circuit court and Appellate Court, and relies upon them as bar to this suit, and claims that Horn is estopped by these records from further litigating the questions raised by his bill, they being *res judicata*.

Perry gave notice to Horn, which was served July 4,

1874, that he would, on the 15th day of July 1874, move the circuit judge to dissolve the injunction, at chambers, in the city of Parkersburg; and the said judge did at that time and place, upon the motion of said Perry, dissolve said injunction. From the order dissolving said injunction said Horn appealed, and obtained a *supersedeas* thereto from a former Judge of this Court.

*Walter S. Sands,* for appellant.

*C. C. Cole and W. L. Cole,* for appellees :

1st. Matters, which have been once determined by competent judicial authority, cannot be again litigated between the same parties privies ; such matters are *res judicata,* and the parties and their privies are estopped by the record. 2 Smith's Leading Cases 791, and authorities there cited.

2d. The estoppel extends, beyond what appears upon the face of the judgment, to every question which it would have been proper for the court to dispose of in the former litigation. 2 Smith's Leading Cases 761, 762 763, and authorities there cited ; *Taylor et al.* v. *Yarborough et ux,* 13 Gratt. 183. See opinion by Judge Lee on page 194.

3d. The Judge of a circuit court, in vacation, has jurisdiction at any place in his circuit, in which such motion is made, to hear and determine a motion to dissolve an injunction, within or without the territorial limits of the county in which the suit is pending. Code of West Virginia, 1869 p. 742.

4th. The fourth day of July is not a legal holiday by the statute of this State ; and civil process may be executed on that day. Acts 1872-3, pp. 403 and 615.

5th. An application to continue a motion to dissolve an injunction should not be granted ; except under very special circumstances. A party obtaining an injunction should always be ready to show himself entitled to it, or

submit to a dissolution thereof. 2 Tucker's Com. 474, <span style="float:right">1877.<br>Special Term.</span>
475; *Radford's ex'ors* v. *Innes's ex'rx*, 1 H. & M. 7; <span style="float:right">Horn</span>
*West's ex'ors* v. *Logwood*, 6 Munf. 491 ; Hilliard on <span style="float:right">v.<br>Perry *et al.*</span>
Injunctions, pp.92, 93, §§2, 6 and 8; also page 145, §149
and page 144, §146.

MOORE, JUDGE, delivered the opinion of the court.

It was not error for the judge of the circuit court, sitting in chambers in the city of Parkersburg, in the county of Wood, to hear and determine a motion to dissolve an order of injunction in a chancery cause pending in the circuit court of Ritchie county, without the said cause having first been removed to said county of Wood by an order, made in term time by the circuit court of Ritchie county, those two counties being in the same judicial circuit. *Hayzlett* v. *Jordan McMillan, &c.*, 11 W. Va., has settled that question.

It is assigned by the appellant as error: "for the judge to hear and determine the motion to dissolve the injunction under the circumstances, because the notice of said motion had not been legally and duly served upon the complainant, being served on the 4th day of July, which has been made by statute a legal holiday." The 31st section of chapter 123 Acts 1872–3, page 403, declares, that in contracts with teachers, it shall be understood that the school is not to be kept in operation for ordinary instruction on the fourth day of July; and section 20 chapter 215 declares, that as to any bank in this State other than a national bank, the 4th day of July shall be considered a holiday, and notes, bills or other evidences of debt, maturing or falling due on that day, shall be due and payable on the preceding day. I know of no law in this State that renders the 4th day of July, so far as the service of legal process, *dies non juridicus*; and in this instance it was not illegal to serve the notice on that day.

As to the third assignment of error, which is the overruling of the appellant's motion to continue the motion to

dissolve the injunction : that motion was based on appellant's affidavit to the effect that he was served with the notice of the intended motion to dissolve on the 12th of July ; that for nearly three weeks previous to said 12th of July he had been absent from the State, and knew nothing of said motion ; that neither affiant nor his counsel were served with a copy of the answer, which was not filed until July rules in Ritchie county, and had no opportunity to know its contents until the 15th of July ; that since the institution of the suit on June 4, 1874 his counsel had been continually in attendance on the circuit court of Wood county up to the 14th of July; and it had been impossible, owing to his absence and the employment of his counsel, to take depositions of important witnesses to sustain the allegations of his bill ; that he verily believed, if an opportunitity was offered him by postponement of the hearing of the motion, he could make good the material facts of his bill ; that he particularly desired to take the deposition of —— Snodgrass, then residing in Maryland, who was cognizant of many of the facts stated in his bill ; and that affiant had not had time to take said deposition.    The judge, in overruling the appellant's motion to continue, stated in the order his reasons therefor as follows :   " It appearing that the said injunction was allowed on the 4th day of June 1874, and that he had had ample time from that time until the present hearing to have taken testimony to prove the allegations of his bill, had he chosen so to do; and that the facts set up in his said affidavit do not show a sufficient excuse for not taking said testimony, and for the reason that before the money could be made upon any execution which may be issued upon the judgment in the bill mentioned, the plaintiff would have ample time to take his testimony, and move to reinstate said injunction."

In the case of *Radford's ex'ors* v. *Innes's ex'rx*, 1 H. & M. 8, upon a similar motion, it was alleged, that at the next term complainants "could be prepared to show

that the allegations in the bill were true, by evidence which they could procure from the state of *Ohio*, but had hitherto been prevented from obtaining, by the great distance of the residence of the complainants from that State, and the difficulty of having such subjects, as taking testimony so far off, attended to; that the answer had been lately filed, and that, until then, the complainants were not informed òf the points intended to be controverted." The court held: "The reasons assigned for a continuance are not sufficient to induce the court to depart from the general rule: and that is, never to continue a motion for the dissolution of an injunction, *unless from some very great necessity*, because the court is always open to grant, and, of course, to reinstate an injunction, whenever it shall appear proper to do so, and because too the plaintiff should always be ready to prove his bill." The court refused to grant the continuance, and dissolved the injunction. See also opinion by Haymond, Judge, in *Arbuckle* v. *McClanahan*, 6 W. Va. 107, 108, citing the foregoing case. Upon the principles promulgated by those two cases, I am clearly of opinion that in this case the circuit judge did right in refusing to grant the continuance, and for the reasons assigned by him, even if there had not been other reasons requiring the dissolution.

Perry having answered the plaintiff's bill denying the material allegations thereof, the circuit judge, upon the principles laid down in the two cases just cited, and in *Hayzlett* v. *McMillan*, cited before, even if there were not other reasons, would have been bound to have dissolved the injunction; but there were also other reasons why the injunction should have been dissolved, especially after the filing of the answer by Perry, making exhibit of the pleadings and proceedings in the former suit of Horn *v.* Perry, and the record of said suit which was also introduced in evidence upon the motion of Horn at the hearing of the motion to dissolve the injunction. The bill does not contain

sufficient equity to give the court jurisdiction; and the injunction should have been dissolved for that reason. But there is another grave reason why the injunction should have been dissolved. It is in disguise the same cause as the old case of Horn *v.* Perry which was adjulicated by this Court upon appeal and *supersedeas* in October 1872, when it dissolved the injunction and dismissed complainant's bill for the want of equity, and because "it showed upon its face inexcusable negligence and laches on his part in not attending to his interests in the case of Perry *v.* Horn, the decree in which case he attempted to have perpetually enjoined by that bill, and also because his evidence did not sustain his allegation of surprise and fraud." Hence it is an attempt to override the mandate of this Court in the former case of Horn *v.* Perry, and open up the matters then decided, to avail himself of such matters of defense as had been solemnly adjudicated, and which he was barred from setting up, by his negligence and laches in the case of Perry *v.* Horn.

This appears upon the face of the record in this cause and the matters here in controversy are *res judicata.*

I am therefore of opinion that the order dissolving the injunction, appealed from, should be affirmed with costs and $30 damages.

GREEN, PRESIDENT and HAYMOND, JUDGE, concurred.

ORDER AFFIRMED.