# CHARLESTON.

CODA et al v. THOMPSON et al.

MINOTTI v. SAME

Submitted January 15, 1894.—Decided March 21, 1894.

1. GARNISHMENT—PROCESS—RETURN-DAY.
   Process returnable to a day which is not a lawful return day is void.

2. GARNISHMENT—PROCESS—RETURN-DAY.
   An order indorsed upon an attachment, requiring a garnishee to appear and answer, is process. It must be returnable to the next term of the court. If it be not so returnable, but skips a term, and it is returnable to the second term after its issuance, it is void.

3. GARNISHMENT—PROCESS—RETURN-DAY.
   Such order being not simply irregular but void, it can not be amended as to its return-day.

4. GARNISHMENT—PROCESS—RETURN-DAY.
   Garnishment is the creature of statute; and the statute regulating procedure in it must be followed.

SIMMS and ENSLOW for defendants in error, Thompson Bros. cited Code c. 106, s. 5, 14; Id. c. 124, s. 2; Drake Attchm. §§ 451c, 451a, 451b; Suth. Stat. Const. § 392; 58 Ia. 703; 58 Wis. 619; 67 Wis. 653.

CAMPBELL & HOLT for N. & W. R. Co.

I.—*The statute requires a garnishee to appear at the next term of the court, and can not be construed so as to make a writ, returnable the second term after its issnuace, good.*—Code c. 106, s. 5; 37 W. Va. 847; 10 W. Va. 130; 1 Dev. (N. C.) 397; 50 Mich. 358; 58 Ia. 703; W. Va. Code, c. 106, s. 14.

II.—*The motion to amend the writ was properly overruled; for such amendmant would have resulted in either the requirement of an impossibility of the garnishee, or compelled it to answer a writ that had never been served upon it.*

III.—*The motion for a new summons, retroactive in its character, was properly denied.*—35 W. Va. 186.

BRANNON, PRESIDENT :

These two cases involve one and the same question. They were actions of *assumpsit* with attachments, in which the Norfolk & Western Railroad Company was a garnishee ; and the single question.we must decide is : Was the action of. the court in quashing the garnishment and discharging the garnishee correct?

The ground on which this action rests is that the order indorsed on the attachment by the clerk on the 10th of April, 1893, required the garnishee to appear on the first day of the September term, 1893, of the Circuit Court of Wayne county, passing over an intervening May term, instead of requiring appearance at the next term after the date of the order, as required by the letter of section 5, c. 106, Code 1891. The proposition made against the order of garnishment is, in effect, that it is made returnable to a day that could not be made its lawful return-day.

It is true that process returnable to a day which is not a return-day is void. *Kyles* v. *Ford*, 2 Rand. (Va.) 1. And it seems that process can not at common-law be made returnable to such a day, that a term of court will intervene between the day of issue and its return-day. 22 Am. & Eng. Enc. Law, 189. The cases there cited support the text. Our statute in relation to process generally (chapter 124, Code 1891) provides in section 2 : "Any process shall be returnable, within ninety days after its date, to the court on the first day of the term or in the clerk's office to the first Monday in the month or to some rule-day." Whether the rule of the common-law just stated would apply to process passing over a term, if two terms should fall within ninety days, in view of the omission of the word "next," it is not necessary to say, since the order to summon a garnishee does not fall under that provision, but falls, specifically, under the clause in section 5 of chapter 106 directing the order to require the garnishee "to appear at the next term of the court." But I think the common-law rule would apply, especially in view of the presence of the words "next term" in the particular provision as to attachments in the same section. It is now a statute demand, declaratory of the common-law.

The clause quoted, relating to process generally, has been regarded as mandatory ; and process deviating from its provision as to the return-day or running time has been treated as void. Upon this same clause in the Virginia Code the Court of Appeals of that State held, that a writ of *scire facias* running a longer period than ninety days was void. *Lavell* v. *McCurdy*, 77 Va. 763. And in *Warren* v. *Saunders*, 27 Gratt. 259, in the same spirit of construing the statutory direction as to process mandatory, it was held that process issued in a county, where the cause of action arose, but directed to another, was void. Such seems to be the law, as generally held. 22 Am. & Eng. Enc. Law, 190, and cases. What is said upon this provision in *Gas Co.* v *Wheeling*, 7 W. Va. 22, tends strongly to the same construction.

So, if this order to summon the garnishee were tested by the clause quoted from section 2, c. 124, it would, I think, be null and void, because made returnable more than ninety days after its date, as under that clause the process must run no longer than ninety days, whether it be returnable to a term of court or to rules. But, as above stated, the order to summon the garnishee falls under the clause of section 5, c. 106, which in terms requires it to be returnable to "the next term of the court." This is plain language. Taken literally it means the very next term after the date of the order. The order to summon the garnishee is indorsed upon the order of attachment. We may, for present purposes, consider it a part of it.

When we turn again to section 2, c. 124, of the Code, we see that while the period of ninety days is fixed as the running time for process in general, yet as to attachment the special provision is made, that it may be made "returnable to the next term of the court, although more than ninety days from the date of the order"—a plain mandate that it must be made returnable to the next term. And, in harmony with this, we see that the very form of the order of attachment given in section 1, c. 106, requires it to be returned at the next term. Thus, the attachment must be returnable to the next term ; and, if it skip an intervening term it would be simply void, under the principle of the

common-law above spoken of, and the decisions referred to, treating such provisions in section 2, c. 124, relative to process as mandatory. Then, can the order to summon the garnishee be made returnable to a later and different term than that to which the attachment is itself returnable? I am compelled to say that it can not.

That is just what was done in these cases. The attachments were returnable to the next term after their issuance (May term), and the orders to summon the garnishee to the September term. It is bad, also, because returnable to a day not a lawful return-day.

The process of garnishment is not a common-law remedy but purely statutory; and therefore the statute provisions must be strictly followed. *Ringold* v. *Suiter*, 35 W. Va. 186 (13 S. E. Rep. 46) Drake, Attachm. §§ 451, 451b; Wade, Attachm. §§ 333, 334; 8 Am. & Eng. Enc. Law, 1098. It is process, not a pleading, and must conform to the direction of the statute as to the time and place of the appearence of the garnishee to answer. *Id.* 1117. The Iowa statute requires that the garnishee be required to appear "on the first day of the next term of the court;" and the court held that a notice issued during a term requiring a garnishee to answer on a subsequent day of that term was void and conferred no jurisdiction over the garnishee, and its judgment was void, the court laying down the general proposition, that where the notice required the appearance at any other time than that fixed by the act, the court had no jurisdiction over the garnishee. The opinion, speaking of the statute requiring the notice to cite him to appear on the first day of the next term, says: "This appears to be a peremptory provision of law. A party can not be required to appear as a garnishee at any other time, any more than a party to an action can be required to appear in obedience to an original notice at any other time than that fixed by law." *Padden* v. *Moore*, 58 Iowa, 703 (12 N. W. Rep. 724).

In *McDonald* v. *Vinette*, 58 Wis. 619 (17 N. W. Rep. 319) it was held: "The authority to institute garnishee proceedings is entirely statutory, and unless the requirements of the statute are complied with, the proceeding can not be sustained," and that, because the garnishee summons was

not made returnable at the time prescribed by statute, the court had no jurisdiction as to the garnishee; and its judgment was void.

In the later case of *Elder* v. *Hasche*, 67 Wis. 653 (31 N. W. Rep. 57) it was decided that, unless the summons be for the garnishee to appear at the time fixed by statute, there is no jurisdiction, though the garnishee voluntarily appear, and that an order made without such jurisdiction was no justification to the garnishee for delivering property under it. I will add that this is an attachment, and it is needless to cite authorities, that in such cases strictness of procedure is required.

What can be said to sustain the order of garnishment? It is contended that the words in statute, "next term of the court in which the action is pending," do not mean the next term when the action is regularly in court for the first time for trial, as it would be idle to bring on a controversy between the plaintiff and garnishee before the term when it could be decided, whether the plaintiff is entitled to judgment against the defendant. It is true there can be no final judgment subjecting the money or effects in the hands of the garnishee, in advance of judgment for the plaintiff against the defendant. *George* v. *Blue*, 3 Call. 394; *Gibson* v. *White*, 3 Munf. 94; *Withers* v. *Fuller*, 30 Gratt. 547; Drake, Attachm. § 460.

But it does not thence follow that an earlier return of the order to the garnishee is not material. The garnishee has rights here. He has right to appear in advance of the trial between the plaintiff and defendant, which may be deferred for years. He may answer any time. If indebted to the defendant, he may wish to pay into court, and stop interest, which he may do. *Templeman* v. *Fauntleroy*, 3 Rand (Va.) 447. He may have have perishable effects in his hands, which he may wish to surrender, or any effects, and release himself from further liability. He may dispute his liability and want an early determination of that matter, which it is apprehended he may demand without awaiting the issue between plaintiff and defendant; he being a mere stakeholder not interested in that issue. Can he be kept in suspense and danger? If the return of the order against him

can be postponed one term, why not several, if it be discre-tionary only with the plaintiff ? And the defendant, too, has a right to an early return. After garnishment the garnishee can not pay money or deliver property to him, and he can not sue the garnishee, and if the day of his appearance is put off the garnishee may become insolvent.

Under section 14 of the attachment chapter of the Code, it is provided, broadly, that when the garnishee answers he may be compelled to pay money or deliver property in his hands to a receiver, and this, of course, in advance of final judgment between plaintiff and defendant; and this provision is, manifestly, not intended solely for the protection of the plaintiff, but as well for the defendant, for he can call on the court to protect his rights against the garnishee's insolvency, or to sell property costly to keep or perishable. For these reasons, and others might be suggested, it may be quite important to have the garnishee present before the final judgment. The statute plainly contemplates and provides for this in sections 13 and 14. When the attachment is returned, important preliminary action—important to all parties (plaintiff, defendant and garnishee)—may be had. The defendant may be compelled to answer. If he does not appear, under section 15 he may be compelled to do so, or the court may hear proof of his liability. The money or effects in his hands are part of the things levied, and he ought to be in court with them, when the attachment is returnable, so that action may be had as to them. Sections 13, 14 and 15 contemplate and authorize action as to the garnishee and property levied on in advance of the judgment. Section 17 provides that, when the plaintiff recovers judgment against the defendant, then the attached subjects shall be paid over to him; but the prior sections provide power in the court to require the garnishee to pay to a receiver, and for sale of attached effects in advance of such judgment. Why the use of a receiver, if no action could be taken against the garnishee before judgment ? It is said the language of the act is: "The next term of the court in which the action is pending," and that the action is not pending until that term when the case can be first tried. The language, "court in which the case is pending," is de-

scriptive of the court; and, besides, the case is pending, *instanter*, when the suit is brought.

It occurred to me at first, that we might treat this order to the garnishee not as process in the legal sense but as if merely ancillary to the attachment, designed only to warn the garnishee and tie up the effects in his hands, and not to be tested by the strict rules governing process constituting the basis of judicial proceedings. But this theory will not bear reflection. As to the garnishee, it is the only process. Against him, it is the sole basis of judgment. The garnishment is a suit against him, process, in the legal sense, not pleading, and subject to a motion to quash for inherent defects in the order. Upon it may rest important litigation and trial of issues between the garnishee and the plaintiff. It is a suit against the garnishee. Drake, Attachm. § 451c; Wade, Attachm. §§ 333, 340; 8 Am. & Eng. Enc. Law, 1100; *Middleton Paper Co.* v. *Rock River Paper Co.*, 19 Fed. 252. The order to the garnishee to appear is indorsed on the attachment under section 5 c. 106, and the service of both the order of attachment and the order citing the garnishee to appear is the only mode of service on him under that section; and the order to the garnishee to appear must be regarded as part of the order of attachment, which is certainly process. Hence we must regard the garnishment-order as process and tested by the law relating to it as such.

The language of Judge Allen in *Pulliam* v. *Aler*, 15 Gratt. 61, that the fact, that the return of the sheriff was defective in not showing that he summoned the garnishee to appear at a particular time, was unimportant, is unimportant in the decision of our case. The then existing attachment-law simply required the plaintiff to designate a garnishee, and required the sheriff to summon him to appear at the first day of the next term, and did not require any summons by the clerk, as does our law. It was not process under the Virginia law, but it is under ours. And, as Judge Allen himself said, that was a defect merely in the officer's return of service, and was not a question of the illegality or validity of the garnishment process itself, whereas in this case it is purely a question of the validity of process.

For these reasons I reach the conclusion that the order to summon the garnishee is void, not simply irregular. Being void, the motion of the defendant to amend it so as to make it returnable to the May term was properly refused, because, while a process merely irregular may be, under some circumstances, amended, one wholly void is incapable of amendment. *Kyles* v. *Ford,* 2 Rand, (Va.) 1; *Wade,* Attachm. § 358; Drake Attachm. § 184a; *Burk* v. *Barnard,* 4 Johns. 309; *Kenworthy* v. *Peppiat,* 6 E. C. L. 488; *Middleton Paper Co.* v. *Rock River Paper Co.,* 19 Fed. 252; *Durham* v. *Heaton,* 81 Am. Dec. 272.

After the discharge of the garnishee, later in the term, the plaintiffs asked the court to set aside the order discharging the garnishee, and to award a summons requiring it to appear and answer, but the court refused. I see no error in this, for these reasons: It was, in effect, an application for a new garnishment. The court could not award it. Would it retroact, and bind effects from the date of the original order, or only from the new summons? The proceeding being statutory, and there being no provision for such summons, where was the authority for it? The provision in section 15, c. 106 is not, as it only applies where the garnishee fails to appear, while in this case it had appeared, and, with the defendants, moved to quash the order of garnishment, and besides the order was null and void, and could not be the basis for such summons, or any further proceedings.

I have endeavored to find some ground to avoid the judgment we render in this case, seeing that it overthrows the garnishment, and may lose to the plaintiff his debt, for technical reasons, but I have been unable to find any substantial ground. Therefore we affirm.