# CHARLESTON.

PRICHARD & Co. v. McGRAW OIL & GAS Co. ·et al.

Submitted January 20, 1909.   Decided November 23, 1909.

HOLIDAYS—Service—Summons Returnable on Holiday.
    Service of a summons returnable to a day which happens to
    be a legal holiday, may be made on the next succeeding secular
    day.   (p. 300).

Error to Circuit Court, Taylor County.

Action by Fred A. Prichard against the McGraw Oil & Gas
Company and others.   Judgment for plaintiff, and defendant
John T. McGraw brings error.

*Affirmed.*

*John L. Hechmer,* for plaintiff in error.

*B. L. Butcher,* for defendant in error.

WILLIAMS, JUDGE:

· Prichard brought an action in the circuit court of Taylor
county against McGraw Oil & Gas Company, a corporation and
John T. McGraw.   The defendants failed to appear and on the
29th day of October, 1908, judgment was rendered in favor of
plaintiff for $6,086.00. To this judgment McGraw obtained a writ
of error.   The only error relied on is the court's action in over-
ruling his motion to quash the return on the summons.   Mc-
Graw appeared specially, and for the purpose of this motion only.

The summons was issued on the 3rd of September, 1908, and
was returnable at Rules to be held in the clerk's office "on the
first Monday in September, 1908," and was personally served on
John T. McGraw by the sheriff of Taylor county on the 8th of
September, 1908.   Service could have been made on the first
Monday in September, the return day of the writ.   *Spragins* v.
*W. Va. C. & P. Ry. Co.,* 35 W. Va. 139; *Horn* v. *Perry,* 11 W.
Va. 694:

It appears, however, that the first Monday in September, 1908,
was the 7th day of the month; and counsel for plaintiff in error
insist that a service after that day was a void service.   But the

statute makes certain days in the year "legal holidays," one of which is "the first Monday in September, commonly called Labor Day," and further provides: "That when the return day of any summons or other court proceeding, or any notice, or the time fixed for holding any court, or doing any official act, shall fall on either of said holidays, the next ensuing secular day shall be taken as meant and intended." chapter 15L, Code 1906. This statute is too plain to admit of judicial construction. It can have but one meaning which is to give validity to an official act done on the next ensuing secular day after a legal holiday, which should otherwise have been performed on the day of the legal holiday.

There is no error in the ruling of the court, and the judgment will be affirmed.

*Affirmed.*