# CHARLESTON.

BENNETT V. FARMERS' MUTUAL FIRE ASSOCIATION.

Submitted September 12, 1916.    Decided September 19, 1916.

1. PLEADING—*Rule Days—Holidays.*
    If it so happens that a rule day of a circuit court occurs on a holiday and a term of the court begins on the next day, the rules extend through such next day by virtue of the postponement or extension provision of ch. 15Q of the Code, notwithstanding the limitation thereof prescribed in sec. 1, ch. 125 of the Code. (p. 655).

2. JUDGMENTS—*Defaults—Finality.*
    If the rule days of a court extend into a term, as in the case above instanced, the office judgment entered thereat does not become final until the last day of the term succeeding the one so. invaded by the rules, and it cannot be properly entered as final, in the absence of the defendant, until such succeeding term. (p. 655).

3. STATUTES—*Title and Subjects—Holidays.*
    "An act establishing and setting apart certain secular days as holidays in the State of West Virginia" is a sufficient title for the whole of an act setting apart and establishing such days and providing "That when the return day of any summons or other court proceeding or any notice or time fixed for holding any court or doing any official act shall fall on either of said holidays, the ensuing secular day shall be taken as meant and intended;" the postponement or extension provision being a mere subsidiary or auxiliary object. (p. 655).

4. HOLIDAYS—*Statutes—Effect of.*
    As regards the acts specified in such provision holidays are, in a certain sense, extended judicial days. (p. 655).

Error to Circuit Court, Tyler County.

Action by K. G. Bennett against the Farmers' Mutual Fire Association of West Virginia. There was an order setting aside the default judgment, and plaintiff brings error.

.                                          *Affirmed.*

*Underwood & Moore,* for plaintiff in error.

*Jas. A. Meredith* and *O. C. Carter,* for defendant in error.

POFFENBARGER, JUDGE:

This writ of error challenges the correctness of an order setting aside a judgment by default, in an action of as-

sumpsit, for alleged prematureness in the rendition thereof. The question arises from the anomalous condition attendant upon the taking of the rules and the making up of the docket, and the solution thereof involves consideration of certain statutes.

The process was issued Jaunary 28, 1915, and made returnable to February rules. At those rules, a declaration was filed and the clerk entered in the rule docket and endorsed on the declaration, the return of the summons executed and the award of the common order or conditional judgment, the defendant not having appeared. Its failure to appear at the next ensuing rules, March rules, 1915, would have entitled the plaintiff to a rule confirming the common order and awarding a writ of inquiry. Such failure and consequent right were claimed by the plaintiff and he accordingly caused the case to be put on the trial docket, the writ of inquiry to be executed and a default judgment to be entered. It is claimed for the defendant, however, that the March rules had not ended at the time of the making of the entry by the clerk and the placing of the case on the docket, and that therefore the plaintiff was not entitled to take the judgment rendered. On the other hand, it is claimed the rule period had been completed and the case was in condition for judgment, on failure of the defendant to have the office judgment set aside by proper procedure.

The clerk of a circuit court is not authorized to place new cases on the docket of the court, until the proceedings at rules have terminated. Code, ch. 131, sec. 1. Ordinarily, rules are required to be held in the clerks office of every circuit court on the first Monday of every month, but if a term of the circuit court commences on the first Monday of the month, or either of the following two days, or on the preceding Tuesday, Wednesday, Thursday, Friday or Saturday, the rules which otherwise would be held for that month on the first Monday, are required to be held on the last Monday of the preceding month. Ordinarily, the rules continue for three days, but when such continuance would interfere with a term of court, they do not continue beyond the day preceding the commencement of the term. Code, ch. 125, sec. 1. That sec-

tion further provides that the rules shall be held as above stated, except where a different provision is made by law. No statute specifically providing otherwise has been cited in the brief or discovered in the Code, but chapter 15Q of the Code, relating to legal holidays and designating February 22, among others, as such a day, provides "That when the return day of any summons or other court proceedings or any notice or time fixed for holding any court or doing any official act shall fall on either of said holidays, the ensuing secular day shall be taken as meant and intended."

As the statute requires a term of the circuit court of Tyler County to begin on the last Tuesday in February of each year, the March Rules for 1915 had to commence on the last Monday in February, which happened to be the 22nd, a holiday, and the term had to begin on the next day. The clerk deemed the rules to have terminated on Monday, although it was a holiday, because the term began on the next day. He took no notice of the holiday statute postponing the performance of official acts, in such cases, until the ensuing secular day. He may have deemed it inapplicable, under the circumstances, because a statutory provision forbade extension of the rules into a term.

If the postponement provision of the holiday statute is constitutional and valid, it necessarily wrought an implied amendment of such provisions of sec. 1 of ch. 125, of the Code, as conflict with it. It postpones the time of the performance of any official act until the ensuing secular day, and the taking of the rules on the process and pleadings in a pending action or cause, by a clerk, is obviously an official act. The amendments and reenactments of the holiday statute post-date sec. 1, of ch. 125, by many years. Its failure specifically to mention the statute prescribing the time for the taking of rules, is wholly immaterial. It is an independent statute impliedly amending or modifying all provisions of other statutes that are inconsistent with it. Its effect is to extend any rule day that happens to fall on a holiday to the next ensuing secular day, even though a term of court may commence on that day. It does not make the days designated as holidays non-judicial days. *Logan* v.

*Ballard*, 61 W. Va. 526; *Horn* v. *Perry*, 11 W. Va. 694. If both parties to a case appear on such a day and proceed with it, the judgment or decree entered is neither void nor erroneous. If a party summoned or notified to appear on such a day waives his right to appear thereto on the next day, and does appear on the day named, his appearance is valid and binds him; but it does not empower the other party to compel him to appear on such day. *Dixon* v. *Dixon*, 73 W. Va. 7; *Prichard & Co.* v. *McGraw Oil & Gas Co.*, 66 W. Va. 300.

March rules, 1915, not having ended or terminated on the 22nd day of February 1915, the clerk improperly placed the case on the docket of the term commencing February 23rd, and the office judgment would not have become final until the last day of the next succeeding term, the term commencing after that which began, Feby. 23, 1915. Code, ch. 125, sec. 46. In that state of the case, the court could not properly render the judgment which it later set aside as being erroneous. *Green* v. *Skipwith*, 1 Rand. 460.

To avoid this result, the constitutionality of the holiday statute is attacked on the ground of defectiveness of the title of the act. If the postponement provision of the statute is auxiliary to its main purpose or is a means of procurement of observance of the days set apart as holidays, the act has but a single object, and the expression of that object or purpose sufficiently covers and includes the postponement provision as an auxiliary or subsidiary object. *State* v. *Mines*, 38 W. Va. 125, 138; *Black* v. *Jacobs*, 8 W. Va. 612; *Shields* v. *Bennett*, 8 W. Va. 74. That it does contribute directly to the establishment of the days named as legal holidays, in point of fact, is perfectly obvious. It enables people to observe them who could not otherwise do so. It is, therefore, a direct and potent means of accomplishment of the general purpose of the legislature, indicated by the title of the act, which reads as follows: "An act establishing or setting apart certain secular days as holidays in the state of West Virginia."

Our conclusion is that the judgment or order complained of is correct, wherefore it will be affirmed.

*Affirmed.*