## CHARLESTON.

J. S. SPENCER *et als.* v. OHIO RIVER SALT CO. *et als.*

(No. 6310)

Submitted September 5, 1928. Decided September 11, 1928.

*Poffenbarger & Poffenbarger,* for appellants.

*Brown, Jackson & Knight, Herman Bennett,* and *Koontz, Hurlbutt & Revercomb,* for appellees.

LIVELY, PRESIDENT:

Plaintiffs below appeal from a vacation order of May 22, 1928, dissolving an injunction theretofore granted in so far as it enjoined Kanawha Valley Bank and Pure Oil Company from prosecuting their suits at law against J. S. Spencer, C. R. McCulloch, L. C. Somerville, George C. Somerville and M. G. Tyler as endorsers on the negotiable promissory notes held by them, and signed by Ohio River Salt Company as maker.

Pure Oil Company sued at law on a note of $15,620.23 signed by Ohio River Salt Company, endorsed by the parties above named as such; and Kanawha Valley Bank likewise instituted its action at law on its note of $2,623.85 against the same parties as maker and endorsers. Pending these suits, J. S. Spencer, C. R. McCulloch, Merchants National Bank of Point Pleasant, and Point Pleasant Trust Company presented to the circuit judge in vacation their bill in chancery against Ohio River Salt Company, Kanawha Valley Bank, Pure Oil Company and other creditors of Ohio River Salt Company (hereinafter called Salt Company, for brevity), alleging that they were creditors of the Salt Company in various amounts; that J. S. Spencer and C. R. McCulloch owned more than one-

fifth of the common and preferred stock of the Salt Company; that the other defendants were like creditors in certain sums named; that the Salt Company's total indebtedness amounted to approximately $300,000.00; that Kanawha Valley Bank, Pure Oil Company and other creditors named had instituted suits at law on their respective debts, which suits had matured for judgments, and judgments thereon would be taken unless the plaintiffs therein were restrained from so doing; that the Salt Company was insolvent, and could not pay its debts; that unless restrained the creditors who had sued, and other creditors would sue, would obtain judgments and sacrifice the assets of the Salt Company by sales under execution, and by piece-meal, causing irreparable loss and excessive costs to the Salt Company, and its general creditors, including plaintiffs; alleged the necessity for, and asked the appointment of a receiver, the dissolution of the Salt Company and a winding up of its affairs, and distribution of its assets among its creditors, according to priority, and to the stockholders, if any assets there should be after paying the creditors and costs; and prayed for the appointment of a receiver with comprehensive powers; a winding up of the affairs of the Salt Company under the direction of the court; and that Kanawha Valley Bank, Pure Oil Company and other creditors who had sued "be inhibited, restrained and enjoined from further seeking, obtaining or taking any judgment in any of the actions and proceedings they have now pending, or on any of the claims and demands set up in their said actions and proceedings"; and that all creditors, stockholders or other persons be restrained from instituting or prosecuting suits against the Salt Company; and for general relief. On May 15, 1928, upon presentation to him of the bill duly verified, the judge entered a vacation order in accordance with the prayer of the bill, appointing a receiver with comprehensive powers and enjoining Kanawha Valley Bank, Pure Oil Company and other creditors named from seeking, taking or acquiring any judgment or judgments in any of the actions or proceedings theretofore instituted by them, and enjoining all other creditors from instituting or prosecuting suits against the Salt Company. On May 19, 1928, Kanawha Valley Bank

and Pure Oil Company served notice on plaintiffs that they would move for dissolution of the injunction on May 22, 1928, basing the motion on the papers, files and proceedings in the cause, and upon their answer to be then filed. The answers were filed and the motion to dissolve made on that day. The court, by vacation order then entered, refused to dissolve the injunction against movants prohibiting them from taking judgments against Ohio River Salt Company; but dissolved it "in so far as it prohibited and restrained them from proceeding to enforce by judgment or otherwise any rights of action they, or either of them, may have against J. S. Spencer, C. R. McCulloch, L. C. Somerville, George S. Somerville and M. G. Tyler, the endorsers on the notes." It is from this part of the decree dissolving the injunction, in so far as it precluded prosecution of the suits at law against the endorsers, that plaintiffs in the bill have appealed. Leave was given appellees to move to affirm, and the case was submitted on that motion, with briefs and arguments of respective counsel.

Appellants say the court erred: (1) In ordering dissolution of the injunction restraining the prosecution of the suits against the endorsers on the notes; (2) in refusing to continue the hearing of the motion to dissolve; and (3) overruling appellants' objection to the notice to dissolve the injunction.

The answer filed with the motion to dissolve does not affirm or deny many of the allegations, but controverts the necessity for appointment of a receiver for the Salt Company, its dissolution and the winding up of its corporate affairs. The part of the answer pertinent to the questions here presented (namely, the modification of the injunction so as to permit the bank and Oil Company to proceed with their actions at law against the endorsers), is that each of their pending actions at law are based on negotiable notes given by the Salt Company, and endorsed by Spencer, and the other endorsers above named, and that said endorsements are individual and separate liabilities and contracts with respondents, and that each and all of the endorsers are liable to respondents irrespective of the liability of the Salt Company, and under the

allegations of the bill should not be enjoined from asserting their notes as against the endorsers. The decree recites that Spencer and Somerville filed affidavits in support of the bill. We do not find these affidavits with the record, but it is safe to presume that the endorsement of the notes and liability as endorsers was not denied.

An inspection of the bill, the substance of which is above given, does not disclose any reason for enjoining prosecution of the suits at law against endorsers. From the bill it appears that Spencer and McCulloch own more than one-fifth of the common and preferred stock of the Salt Company, and are creditors of that corporation in the sums of approximately $90,000.00 to Spencer, and about $5,000.00 to McCulloch; that the bank and Oil Company also have claims against the Salt Company on which suits are pending, and if they are not enjoined the property of the Salt Company will be sold piecemeal by executions in their favor and in favor of other creditors who will also sue, to the irreparable damage of the Salt Company, and the prayer is to enjoin those who have sued from further prosecuting their suits at law, or taking any judgments thereon. The bill makes no mention of the endorsers on the notes sued on, or discloses that there are endorsers. No equities are asserted in favor of endorsers which would call for injunctive protection or preservation. The injunction based on these allegations prohibited the bank and Oil Company from taking or acquiring any judgments on the suits at law pending in their favor. It is apparent that the injunction was too broad under the allegations of the bill, in so far as it prohibited judgments against the endorsers. The bill does not mention the endorsers as such, and of course sets up no equities in their favor, although the injunction prohibits the taking of *any* judgments in the suits at law. Upon the coming in of the demurrer and answer, the court was advised that the sweeping and broad terms of the injunction were without basis of pleading or fact. It was proper to modify the injunction upon the motion to dissolve so as to make it comport with the case pleaded. But it is argued that the court erred in modifying the injunction because the notice was, that entire dissolution would be moved.

We think this argument is untenable. When the unwarranted and excessive scope of the injunction was brought to the attention of the court, authority and reason dictated its modification to comport with the pleadings. ''Where an injunction, is too broad, but the facts call for a more limited one, on a motion to dissolve, the injunction should be modified, and made one warranted by the bill; and it is error to wholly overrule the motion to dissolve, and allow the excessive injunction to continue.'' *Neale* v. *County Court,* 43 W. Va. 90, Pt. 8, Syl.

That the bill warranted an injunction inhibiting suits at law and judgments against the insolvent Salt Company, the maker of these notes, does not, *ipso facto,* preclude judgments against the endorsers in the suits pending at law against the Salt Company and the endorsers on its notes. The statute, section 19, Chapter 131, Barnes' Code, authorizes judgments against the endorsers. It provides: ''In an action founded on contract, against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants against whom he would have been entitled to recover, if he had sued them only, on the contract alleged in the declaration.'' These appellees could have maintained action against any one or all of the endorsers without joining the maker of the negotiable paper as defendant.

The other point of error is that the chancellor should have continued the hearing of the motion to dissolve upon the filing of the answer in order to give plaintiffs below, appellants here, time to inspect and consider the answer, and ascertain to what extent, if at all, further evidence in support of the allegations of the bill was necessary. As before stated there were no allegations in their favor set up therein on which an injunction in their favor could properly issue. The answer, so far as it affects the issues involved in the appeal, simply sets up the fact under oath that there were endorsers on the negotiable paper sued on and their liability severable from that of the maker. There seems no intimation of denial that they were such endorsers, and their liability as such was purely one of law. It is the general rule that a motion to

dissolve an injunction will not be continued unless some great necessity is apparent, because the court is always ready to reinstate whenever it is proper to do so. *Horn* v. *Perry,* 11 W. Va. 694. It is not perceived what allegations of the bill to warrant the injunction protecting the endorsers could have been sustained by evidence, and it appears there was no permission sought to amend the bill. We do not think the chancellor abused his discretion in refusing a continuance of the motion to dissolve.

We perceive no reversible error, and the vacation decree entered May 22, 1928, modifying the injunction theretofore granted is affirmed.

*Decree affirmed.*