Mary E. Baggs

*v.*

Lloyd Freiberger

(CC 814)

Submitted January 25, 1955. Decided March 1, 1955.

*Sam E. Schafer,* for plaintiff.

*Joseph R. Curl,* for defendant.

Browning, Judge:

The summons in the instant action of trespass on the case was issued returnable to the first Monday in September, 1953. The first Monday, which was September 7, 1953, was a legal holiday, to wit, Labor Day, and Tuesday, September 8, 1953, was the first day of the September term of the Circuit Court of Wetzel County. The defendant appeared specially, and moved to quash the writ on the ground that the writ, being returnable to a day which was not a rule day, is void. The court overruled the motion,

and, on its own motion, certified the questions arising thereon.

The points certified are:

(1) Under the circumstances set out, the lawful rules for September, 1953, under Code, 56-4-1, began on August 31, 1953.

(2) The last sentence of Code, 56-4-1, does not meet the situation, as such cannot apply unless the Monday to which the summons is returnable *is* a rule day, and *is also* a holiday.

(3) The first Monday in September, September 7, 1953, was not a lawful rule day under Code, 56-4-1.

(4) The instant case is distinguishable from *Bennett* v. *Farmers' Mutual Fire Association,* 78 W. Va. 654, 90 S. E. 169.

(5) The summons is void and should be quashed on motion.

(6) Being void, it is not subject to amendment, nor must its validity be questioned by a plea in abatement.

Code, 56-4-1, provides: "Rule Days.—In the clerk's office of every circuit court, rules shall be held on the first Monday of every month, whether the court be in session or not, except that when a term of the circuit court commences on the first Monday in a month, or on either of two following days, or on the preceding Tuesday, Wednesday, Thursday, Friday or Saturday, the rules which otherwise would have been held for such month on the first Monday shall be held on the last Monday in the next preceding month. The rules shall continue for three days, unless such continuance will interfere with the term of the court for which the rules are held, in which case they shall not continue beyond the day preceding the commencement of the term of such court. But if any Monday which is a rule day shall also be a holiday, then rules shall be held on the following Tuesday regardless of the fact that the latter day may be the first day of a term of court."

If the process issued in this case was made returnable to a day which was not a lawful return day, it is void.

This Court so held in *Reed* v. *Swartz*, 139 W. Va. 859, 81 S. E. 2d. 725 and *Town of Camden on Gauley ex rel. Mollohan* v. *O'Brien, et al.,* 138 W. Va. 787, 79 S. E. 2d. 74, affirming several prior holdings of this Court, particularly *Fisher, Sons & Company* v. *Crowley, et al.,* 57 W. Va. 312, 50 S. E. 422.

It has also been established by decisions of this Court that a motion to quash is a proper method to test the legality of process. *Fisher, Sons & Company* v. *Crowley, et al., supra,* and *Coda, et al.* v. *Thompson, et al.,* 39 W. Va. 67, 19 S. E. 548. Furthermore, Code, 56-4-30, provides: "* * * But nothing herein shall deprive a defendant of any right which he has by the common law to make a motion to quash process which is void; and if the process be a void process, the suit or action shall be dismissed upon motion of the defendant." The real issue, therefore, presented upon this certificate is the effect to be given to the last sentence of Code, 56-4-1, heretofore quoted in its entirety.

It is not necessary to resort to the rules of interpretation or construction to ascertain the intent of the Legislature, and the meaning of the words used in expressing that intent with regard to the section of the statute here in controversy. The first syllabus point of *State ex rel. Mountain Fuel Company* v. *Curtis B. Trent, Jr., State Compensation Commissioner,* 138 W. Va. 737, 77 S. E. 2d 608, states: "Where the language of a valid statute is clear, definite and free of ambiguity, effect must be given to it without recourse to the rules of interpretation." This Court has so held in other cases, but the principle of law is so well recognized that further citation of authority in support of it is unnecessary.

While the last sentence of Code, 56-4-1, provides that if any Monday which is a rule day shall also be a holiday, then rules shall be held on the following Tuesday, regardless of the fact that the latter day may be the first day of a term of court, it very clearly refers to a Monday which is a legal rule day. Inasmuch as the first Monday of September, 1953 fell on a day preceding the second Tuesday

of September, the latter day being designated by statute for the opening of the September term of court of Wetzel County, rules could not be held on the first Monday of September, the statute plainly providing that if the term of a circuit court commences on the first Monday, or the following Tuesday or Wednesday of a month, that the rules, which otherwise would have been held on the first Monday, shall be held on the last Monday in the next preceding month. The words used by the Legislature express their meaning plainly and distinctly, and the addition of the third sentence of the section by the Amendment of 1931 in nowise disturbs or renders vague the first two sentences of the section. To hold otherwise would call for resort to the rules of construction and interpretation, resulting in a strained and unnatural conclusion that, by the addition of the last sentence of the section, the Legislature intended to nullify and render void the first sentence of the section, which it is evident from a reading of the entire section that it had no intention of doing. The words of the entire section, when read contextually, convey a definite meaning which, being apparent on its face, must be given effect, and this Court has neither the right nor the desire to add to, or take away from it. One of the purposes of the section was to prevent rules from interfering with the commencement of a term of court, and to permit the maturing of cases for trial as promptly as possible. However, the section, even after amendment, did not entirely eliminate the possibility of a conflict with rules and the commencement of a term of court where a statute provides that the term of a court shall commence on the Tuesday preceding the first Monday of a month. That could have been avoided only by providing that if any Monday which is a rule day shall also be a holiday, and a term of court commences on the following day, then rules shall be held on some day or days of the preceding week. The problem cannot arise where a term of court begins on the last Wednesday, Thursday, Friday or Saturday of a month, in which case rules would be held on the preceding Monday or Tuesday, and if either was a

holiday, rules could be held on the other day, except for the unlikely possibility that two consecutive secular days should be legal holidays under the provisions of Code, 2-2-1.

While the Court considers this statute sufficiently clear and definite to be applied, the same result would be reached if resort were had to the rules of construction. The history of the Amendment of 1931, which added the last sentence to the section, is interesting. This sentence was added by the revision of 1931, and the revisers, in referring to this sentence, state: "The last sentence of the section is new, being added to meet the situation presented in Bennett v. Fire Association, 78 W. Va. 654, 90 S. E. 169." In that case, process was issued on January 28, 1915, returnable to February rules, at which time the process was returned executed, a declaration was filed, and the common order taken. A statute then in effect required a term of the Circuit Court of Tyler County to begin on the last Tuesday in February of each year. Therefore, the March rules fell on the last Monday in February which happened to be the 22nd, a legal holiday, and the term was required to begin on the next day. The clerk deemed the rules to have terminated on Monday, although it was a holiday, because the term began on the next day. Thus, the March rules were held on February 22, 1915, and terminated on that day in compliance with the provision that rules shall continue for three days, unless such continuance interferes with the term of the court for which the rules are held, in which case such rules shall not continue beyond the day preceding the commencement of a term of court. On February 22, there was a confirmation of the common order taken at the February rules, a writ of inquiry awarded, and the case placed on the trial docket for the term commencing on February 23, 1915. At that term, a default judgment was taken, and at the next succeeding term the default judgment was set aside as improvidently awarded, inasmuch as the effect of the holiday statute was to continue the rules into the February term of court, so that the two rules had not elapsed before

the term began. Therefore, the office judgment entered at the February term could not become final with the ending of that term of court. The default judgment not having become final at the preceding term could properly be set aside.

Thus, in the *Bennett* case, the last Monday in February was a proper rule day, but the holding of rules on that day was improper since it also was a legal holiday. In this case, the first Monday in September, 1953, was not a rule day, inasmuch as the following day was the first day of the September term of the Circuit Court of Wetzel County, and the statute clearly provides that if a term of a circuit court commences on the first Monday, Tuesday, or Wednesday of a month, rules which otherwise would have been held for such month on the first Monday shall be held on the last Monday in the next preceding month.

The certified questions are sufficiently answered herein, and the ruling of the Circuit Court of Wetzel County thereon, which is inconsistent with the views expressed in this opinion, is reversed. The process having been made returnable to a day which was not a lawful return day is void, and the motion to quash should have been sustained.

*Ruling reversed.*