SOLARIS v. RAMSAY. See Case No. 7,099.

## Case No. 13,163.

In re SOLDIERS' BUSINESS MESSENGER AND DISPATCH CO.

[3 Ben. 204; 2 N. B. R. 519 (Quarto, 162); 2 Am. Law T. Rep. Bankr. 87.] [1]

District Court, S. D. New York. April, 1869.

BANKRUPTCY—RECORDING MORTGAGE—PROPERTY IN DIFFERENT STATES.

Where a mortgage of goods and chattels, made as security for a debt, in good faith and for a present consideration, within the 14th section of the bankruptcy act [of 1867 (14 Stat. 522)] and not invalid as made in violation of any law of the state of New York, or of the United States, was duly executed, covering property partly in New York and partly in New Jersey, and was duly recorded in New York, but was not duly recorded in New Jersey: Held, that the property in New Jersey must be regarded as not embraced in it, but, that that fact did not affect its validity as regarded the New York property.

This was a question as to the payment by an assignee in bankruptcy of the amount of

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 2 Am. Law T. Rep. Bankr. 87, contains only a partial report.]

a mortgage upon certain personal property of the bankrupts. The validity of the mortgage was contested by the creditors.

James A. Seaman, for assignee.
Strahan & Root, for mortgagee.
C. F. Hill, for general creditors.

BLATCHFORD, District Judge. I think that the mortgage in question in this case is, within the 14th section of the bankruptcy act, a mortgage of goods and chattels, made as security for a debt, in good faith and for a present consideration, and not invalid, as having been made in violation of any law of the state of New York or of the United States. I do not think, from the evidence, that the mortgagee, or the persons for whom he acted, had reasonable cause to believe that the mortgage was made with a view or intent to prevent the property of the mortgagors from coming to their assignee in bankruptcy, or from being distributed under the bankruptcy act, or to defeat the object of, or in any way impair, hinder, defeat, impede or delay the operation and effect of, such act, or to evade any of the provisions of such act, or reasonable cause to believe, that a fraud on the act was intended. Nor does the evidence establish that the mortgage was made with any such view or intent. The making of it was duly authorized by the company and it was properly made. The only difficulty in the case is, that the mortgage was not duly recorded in New Jersey, according to the laws of that state, so as to make it operative, as against the creditors of the mortgagors, in respect to such of the mortgaged property as was, at the time of the delivery of the mortgage, situated in New Jersey. It was duly recorded in the proper office in the city of New York, so as to make it operative, as against the creditors of the mortgagors, in respect to such of the mortgaged property as was, at the time of the delivery of the mortgage, situated in the city of New York. As respects such New Jersey property, the mortgage must be regarded as if such property were not embraced in it. But that fact does not affect its validity as regards such New York property.

The testimony and the report of the register furnish no means by which to determine what portion of the property was, at the time of the delivery of the mortgage, situated in New York and what portion in New Jersey. Unless that question can be determined by agreement of the parties, or unless it be agreed that the nett proceeds in the hands of the assignee arising from such New York property are sufficient to pay the amount due on the mortgage, namely, $4,750, with interest, there must be a reference to the register, to take testimony and report as to when the mortgage was delivered and as to what portions of the mortgaged property were severally in New York and New Jersey

when the mortgage was delivered, and as to what are the nett proceeds in the hands of the assignee, resulting from the sales of such portions severally. The question of costs is reserved.