## CHARLESTON.

Ballard *v*. Great Western Mining & Manuf'g Co. *et al.*

Submitted January 22, 1894—Decided April 11, 1894.

1. Attachment—Error.

Where the affidavit for an order of attachment states that the plaintiff is justly entitled to recover at the least eight hundred and forty dollars and twenty four cents, and the clerk in issuing the order of attachment requires the officer to attach and take into his possession the estate of the defendant sufficient to pay one thousand and five hundred dollars, and under said order of attachment property is taken into possession, the mistake of the clerk in issuing such order of attachment is not such a clerical error as may be corrected on motion, and such attachment should be quashed on motion of the defendant.

2. Attachment—Affidavit—Bond—Lien.

Under section 2 of chapter 106 of the Code more than one attachment may be issued upon the same affidavit and bond, and, if the second order of attachment is regular in all respects, and properly levied, it will create a valid and binding lien upon the property levied upon under it, although the first attachment may be quashed for irregularity.

3. Attachment—Lien.

A valid lien by way of attachment created by levying a proper order of attachment upon personal property will take priority over a claimant under a deed of trust executed and recorded in the state of Kentucky, but which has never been recorded in this state in the county where the property is located.

Simms & Enslow and J. E. Chilton for plaintiffs in error cited Code, c. 54, s. 30; 37 W. Va. 847 ; 5 Blackford (Ind.) 227; 4 Bush, 565; 30 Ill. App. 385; 13 Peters, 107; 16 Wallace, 203; 16 W. Va. 777; 14 Ala. 55; 31 Ark. 32; 14 Conn. 583; 76 Ind. 512; 10 Ind. 28; 22 Iowa, 194; 25 Iowa, 322; 33 Kansas, 271; 12 Md. 54; 12 Cush. 109; 14 Gray, 123; 32 Minn. 377 ; 25 Miss. 471; 62 Mo. 524; 53 N. H. 562; 2 Sandford 157; 81 N. Y. 199 ; 12 Barlow 631; 7 Ohio St. 134; 32 Pa. 465; 3 Strob. L. 410; 37 Vt. 42; 10 N. H. 46; 47 Wis. 623; Drake Att. 193.

Bowyer & Green for defendant in error cited 2 C. C.

App. 126, 138; 1 Wade Att. § 219 ; 93 U. S. 163 ; 43 N. J. Law, 49 ; 13 Comr. 47; 3 Ala. 250 ; 12 W. Va. 526 ; 1 Sm. & M. Ch'y, 449 ; Code, c. 106, s. 2 ; 1 Wade Att. 151 ; 47 Ark. 39 ; Wap. Att. 477 ; Drake Att. § 262, 273 ; 9 Ia. 264 ; 2 Kent (10th Ed.) 624; 5 Wall. 307 ; 20 Va. 461 ; Sto. Com. Laws, § 323-326 ; 8 Mich. 143; 5 Cr. 389; Jones Chat. Mort. (3d Ed.) § 307; 49 Mich. 65; 15 Pick. 11; 5 Greenl. 246; 4 Bush, 149; 36 W. Va. 396; 20 W. Va. 461.

ENGLISH, JUDGE:

On the 9th day of September, 1892, Robert Ballard filed his affidavit before the clerk of the Circuit Court of Putnam county for the purpose of obtaining an attachment against the Great Western Mining & Manufacturing Company, stating the nature of his claim; and that he believed he was justly entitled to recover in the action at law at least the amount of ——— with interest from the 17th day of August, 1892, until payment, predicating his claim for an attachment upon the ground that said company was a foreign corporation. On the same day the plaintiff entered into and acknowledged a bond with security in the penalty of one thousand and seven hundred dollars, reciting in the condition that said Robert Ballard was plaintiff in an action of *assumpsit* pending in said court to recover a claim for the sum of eight hundred and forty dollars and twenty four cents, arising out of contract, desired to sue out an attachment against the estate of the said defendant, and desired to take into possession the property levied on by virtue of said attachment, and conditioned as required by law ; and on the same day the clerk of said Circuit Court issued an order of attachment reciting that the plaintiff had filed the necessary affidavit and bond, and requiring the sheriff of said county to attach and take into his possession the estate of the defendant sufficient to pay the sum of one thousand and five hundred dollars, with interest thereon from the 17th day of August, 1892, until payment and the costs of said suit.

On the 9th day of September, 1892, as appears by the return of the sheriff of said county, he levied said attachment on two barges, one numbered 15 and the other 23,

each branded or named "Peach Orchard," which were found in the Kanawha river at Plymouth, Putnam county, W. Va., as the property of the defendant, and took the same into his possession ; and, it appearing by the affidavit of the sheriff that said property was expensive to keep, an order was made in said cause on the 29th day of September, 1892, directing the sale of said barges, and requiring the sheriff to report his proceeding to the court; and also directing an order of publication to be made against the defendant, as prescribed in chapter 124 of the Code of West Virginia.

On the 18th day of November, 1892, the said Robert Ballard sued out of the clerk's office of said court another order of attachment against the goods and chattels of said defendant, requiring the sheriff to attach and take into his possession the estate of the defendant sufficient to pay the sum of eight hundred and forty dollars and twenty four cents and the costs of the suit, without having made another affidavit, or given another bond, than the ones before mentioned.

On the 19th day of November, 1892, the sheriff levied this last named order of attachment on the same property on which he had levied said first order of attachment, and by virtue of the order of sale entered on the 29th day of September, 1892, he advertised said property for sale on the 19th day of November, 1892, and on that day he was directed by the plaintiff's attorney to adjourn the sale until the 26th of November, 1892, which was done, and before any sale of said barges was made the defendant gave a forthcoming bond, and said property was released.

On the 1st day of March, 1893, the defendant, by its attorney, came, and stated that it appeared for the purpose of moving to quash the attachment first issued therein ; and thereupon, before the motion was heard, the plaintiff suggested that there was a clerical error in said order of attachment, in this: that said order directed the officer to attach and take into his possession the property of the defendant sufficient to pay the sum of one thousand and five hundred dollars, etc., the same having been inserted by the clerk by mistake instead of the sum of eight hundred and forty dol-

lars and twenty four cents with interest from the 17th day of August, 1892, until payment, *etc.*, which last sum was the amount the affiant stated in the affidavit for the attachment as the amount the plaintiff was justly entitled to recover; and thereupon the clerk of the court, by his attorney, asked leave to correct the order of attachment issued therein, in this: that the order required the sheriff to attach and take into possession sufficient of the defendant's property to pay one thousand and five hundred dollars and costs, when it should have been for eight hundred and forty dollars and twenty four cents, with interest from the 17th day of August, 1892, till paid, and costs—to which motion and correction the defendant objected; and the court, having considered said motion, and heard the statement of the clerk, his examination on oath being waived, that he by mistake put in the said order the sum of one thousand and five hundred dollars when it should have been eight hundred and forty dollars and twenty four cents and interest, as aforesaid, and there was no affidavit or bond before him except the affidavit and bond filed in this cause, showing the attachment to be for eight hundred and forty dollars and twenty four cents and interest and costs, and that there was no other suit of said Ballard against the said defendant in said court at the time of said attachment or since; and having considered the papers in the cause, which was all the testimony offered or adduced, to which the defendant objected as being improper; and it having been stated in argument, and not denied or controverted, that in this case the levy should have been on the same property if the true amount of eight hundred and forty dollars and twenty four cents and interest, *etc.*, had been in the said order which was levied on under said order—was of the opinion that such mistake was a clerical error made by said clerk, and that the writ could be corrected as asked.

It was therefore ordered that the clerk be allowed to make such correction, and thereupon the clerk erased the words "fifteen hundred dollars" in said order of September 9, 1892, and inserted in lieu of said words "eight hundred and forty dollars and twenty four cents, with interest from the 17th day of August, 1892, until payment," to which

correction the defendant objected and excepted. And thereupon the defendant moved the court to quash this order of attachment, affidavit, and bond, and levy of the sheriff as improperly issued and made as the order stood before the said correction was made, and also to quash the said order of attachment as it stood after the said correction and to quash the order of attachment of November 18, 1892, and the levy made on and under the order of the 18th day of November, 1892, which motions the plaintiff resisted, and the court overruled and refused to quash said attachments, or any of them, and the defendant excepted.

Thereupon came the Mercantile Trust & Deposit Company, of Baltimore, Md., trustee, and claimed as trustee the said two barges levied on under the said two orders of attachment issued in said case, and tendered its petition as such trustee, claiming said barges; and the plaintiff objected to the filing thereof, which objection was overruled, and said petition was allowed to be filed; and thereupon said trustee claimant of the property moved the court to quash said orders of attachment, which motion was overruled, and thereupon said trustee claimant gave security for costs, a jury was waived, and by consent the questions of law and fact in the case were submitted to the court, and thereupon the court found that said trustee was not entitled to the possession of the property against said attachment-lien, and that the plaintiff was entitled to a judgment on the attachment sued out and levied on the two barges, Nos. 23 and 15, for the sum of eight hundred and forty dollars and twenty four cents, with interest from the 17th day of August, 1892, and costs, and it was ordered that said sum, with its interest and costs of said two attachments, is a lien on said barges prior to said claimants' trust deed, which appears to have been executed and recorded in the office of the clerk of the County Court of Lawrence county, Ky.; and it was ordered that the Mercantile Trust & Deposit Company, trustee, do have the said barges forthcoming, to be sold as required by law, on or before the 25th day of July, 1893, and the sheriff of said county was ordered to receive the same, and sell them as required by law, and from this judgment this writ of error was obtained.

The proceeding by way of attachment has always been regarded as a harsh remedy, and, while its usefulness in some instances must be admitted, yet, when it is resorted to for the purpose of seizing and selling property, it has been uniformly held that the statute which authorizes the writ must be strictly pursued. By complying with certain requiremenrs of the statute, the plaintiff obtains an order directing the officer not only to attach, but to take away from the possession of ihe defendant, his property. In order that this may be done, an affidavit must be made, stating the nature of the plaintiff's claim, and the amount, at the least, which the affiant believes the plaintiff is justly entitled to recover; and the amount thus stated in the affidavit fixes the amount for which the order of attachment issues. By reason of such affidavit and the bond prescribed by statute the officer is required to attach and take into his possession the estate of the defendant sufficient to pay the sum of―――dollars (the amount affiant states the plaintiff is justly entitled to recover) and the costs of the suit, *etc.* An affidavit setting forth that five hundred dollars is justly due, would not surely authorize an order of attachment for one thousand dollars. Under our statute as it now exists, the last clause of section 2 of chapter 106 of the Code provides that an order of attachment may be issued as provided in sections 1 and 2, and directed to the sheriff or a constable of any county of the state, and that several such orders may be issued and delivered to different officers at the same or different times. This clause of the statute would authorize the second order of attachment above mentioned as having been issued by the clerk on the 18th day of November, 1892. It is because of the power this attachment law places in the hands of the plaintiff that the enforcement of collections under its provisions is strictly guarded, and the language of the statute is strictly construed.

In the case we are considering an affidavit was made authorizing an order of attachment to issue for eight hundred and forty dollars and twenty four cents. The clerk, however, issued an order of attachment for one thousand and five hundred dollars, and thereby directed the sheriff to take possession under said attachment of property of the

defendant sufficient to pay that sum and costs of the suit, and, if the sheriff obeyed the command of the order, he did so. His return shows that he attached and took into his possession two coal barges as the property of the defendant. After this was done, and after the barges were ordered to be sold in satisfaction of this order or attachment, and after a motion to quash the first order of attachment had been made, on motion of the plaintiff the clerk was allowed to correct said first order of attachment by striking out "one thousand and five hundred dollars," and inserting in its stead, "eight hundred and forty dollars and twenty four cents" interest thereon from the 17th day of August, 1892." Can this be lawfully done?

That such a correction was erroneous, it seems to me, is manifest from the fact that one thousand and five hundred dollars worth of property had already been seized and taken into possession under the order of attachment, and an order had been made directing its sale, because it was shown to be expensive to keep. Under this illegal and unauthorized attachment, one thousand and five hundred dollars worth of property had been taken from the defendant—nearly double the amount authorized by the affidavit; and the correction of the order by inserting eight hundred and forty dollars and twenty four cents in the place of one thousand and five hundred dollars did not have the effect of relieving the wrong which had been done the defendant by seizing and taking from its possession nearly twice as much property as was necessary to satisfy the order. I can not regard the error in this writ as a mere clerical error, such as may be amended. It is a defect in the substance of the writ. The amount specified in the order must correspond with the amount stated in the affidavit. The affidavit confers upon the clerk the authority to issue the order of attachment, and fixes the amount he may issue it for. The amount specified in the order constitutes a guide to the officer in making his levy.

In the case of *Reed* v. *Bank*, 5 Black. 226, it was held that a writ of attachment ought not to issue for a larger sum than that sworn to, but it may issue for a less sum. Under the head of "Attachment" (1 Am. & Eng. Enc. Law, p. 910)

the law is stated thus: "The writ should state the amount for which the levy is made according to what is set forth in the affidavit."

Barton in his Law Practice (volume 2, p. 951) says: "The amendment of pleadings so liberally provided for by the statute has never been construed to apply to attachment proceedings, and, in the absence of express statutory provisions, it is held that substantial defects can not be supplied by amendment, the general rule being that a writ of attachment can not be amended when it is so materially defective as to be devoid of the essential requirements to give it validity and force;" citing *Barber* v. *Swan*, 4 G. Green, 352; 61 Am. Dec. 124, and note.

Upon the question of the manner in which attachment proceedings shall be construed the court of appeals of Virginia in the case of *Claflin* v. *Steenbock*, 18 Gratt. 842, says: "This extraordinary remedy is not, only harsh towards the defendant himself, but its operation is harsh towards the other creditors of the defendant, over whom the attachment creditor obtains priority. It is susceptible of great abuse, and has often been greatly abused. It is therefore closely watched, and will never be sustained unless all the requirements of the law have been complied with."

This Court, in the case of *Delaplain* v. *Armstrong*, 21 W. Va. 213, says: "The remedy by attachment is in derogation of the common law, and exists only by virtue of the statute, and being summary in its effect and liable to be abused and used oppressively, its application must be carefully guarded and confined strictly within the limits prescribed by the statute. An order of attachment is an execution by anticipation. It empowers the officer to seize and hold the estate of the alleged debtor for the satisfaction of a claim or demand to be established in the future, and for which a judgment may never be obtained. The claim may be entirely unfounded, and even when the demand is just the order may issue and be levied before it has become due and payable. The proceeding is to some extent the reverse of the ordinary course of judicial proceedings. The latter subjects the demand of the plaintiff to judicial investigation, and permits the seizure of the debtor's property only after judg-

ment obtained, while the former commences with the seizure of the debtor's property, and afterwards subjects the plaintiff's claim to such investigation. The statute has, therefore, * * * carefully defined the grounds which shall authorize a creditor to resort to this harsh remedy."

It is contended by counsel for the defendant in error that, the plaintiff in error having recited in his forthcoming bond that the sum of one thousand and five hundred dollars was inserted in the order of attachment by the inadvertent mistake of the clerk, he is estopped from denying that it was a mistake of the clerk. We, however, do not understand the plaintiff in error to claim or contend that the insertion of one thousand and five hundred dollars in the order of attachment was not a mistake of the clerk. That fact is clearly shown. But what we say is that, conceding it to be a mistake of the clerk, it was such a mistake as could not be corrected at the time it was corrected as a mere clerical error. Counsel for the defendant in error, however, contend that if it was error to allow the amendment, and the court should have quashed the first attachment, the second one was unquestionably good.

This position I regard as correct, under the clause of section 2 of chapter 106 of the Code above quoted, as it provides that more than one order of attachment may issue upon the same affidavit and bond; and, although it is true that there can only be one satisfaction of the same order of attachment, or rather attachment proceeding, yet, as we must regard the said first order of attachment as irregular and unauthorized, and are of opinion that it should have been quashed on motion, as the second order of attachment, issued upon the same affidavit and bond, was regular, and was levied upon the same property, it created a valid and binding lien upon the property upon which it was levied, and the court committed no error in refusing to quash it; and, the forthcoming bond having been given after the levy of said second attachment, and reciting its issuance and levy, the court committed no error in giving judgment on said second order of attachment, and in holding that said attachment lien had priority over the claim set up in the petition of the Mercantile Trust & Deposit Company, claim-

ing the property under a deed of trust which had never been recorded in Putnam county, W. Va., but which was recorded in Lawrence county, Ky.

We therefore are of opinion that the Circuit Court committed no error in making the order of sale and rendering the judgment it did under the said second order of attachment. The judgment complained of must therefore be affirmed, with costs, *etc.*