## In re NUCKOLS.

### (District Court, E. D. Tennessee, N. D. March 16, 1912.)

### No. 1,142.

1. BANKRUPTCY (§ 184*)—VALIDITY OF LIEN—UNRECORDED CHATTEL MORTGAGE.

Under Shannon's Code Tenn. §§ 3664, 3706, providing that chattel mortgages to be valid against creditors of the mortgagor must be registered, and that such registration shall be in the county where the mortgagor resides, if a resident of the state, and Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), which vests trustees with the rights of a judgment creditor, a chattel mortgage given by a bankrupt who was a resident of the state is invalid as against his trustee, unless recorded in the county of his residence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

2. CHATTEL MORTGAGES (§ 82*)—RECORDING—LAW GOVERNING.

Where at the time of the execution of a chattel mortgage the property was situated in a state other than that in which the mortgagor was domiciled and the mortgage executed, it is, in a bankruptcy proceeding, governed as to registration, and its validity and priority determined, by the law of the state where the property was situated, rather than that of the state where it was executed, and in which the bankruptcy proceeding is being conducted.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 151; Dec. Dig. § 82.*]

In the matter of Jay Nuckols, bankrupt. On review of order of referee allowing the claim of the Mechanics' Bank & Trust Company as a secured debt. Order confirmed.

This cause came before the court on petition of the trustee in bankruptcy for review of an order of the referee allowing the claim of the Mechanics' Bank & Trust Co. as a secured claim and disallowing the trustee's objection thereto. The material facts, as shown by the referee's certificate, were these: On July 9, 1910, about seven months prior to the institution of the bankruptcy proceedings, the bankrupt, being then a citizen and resident of Knox County, Tennessee, with his domicile in said county and state, executed and delivered to the Bank & Trust Co., a Tennessee corporation, with its principal office and place of business in said county and state, a chattel mortgage on a contractor's outfit, consisting of steam shovels, cars, and other personal property, then located in Christian and Todd Counties in the State of Kentucky, to secure a loan by the Bank to the bankrupt of $20,000.00. The bankrupt was then engaged in railroad construction work in said counties in Kentucky, and this outfit had been placed in said counties in Kentucky to be used in such railroad construction work. This chattel mortgage was never recorded in Knox County, Tennessee, but was promptly and duly recorded in said counties in Kentucky. This railroad construction work had not been completed at the time the proceedings in bankruptcy were instituted in this court, and the property covered by the mortgage was at that time and still remained in said counties in Kentucky. By stipulation of the parties it was agreed that the trustee might take possession of the mortgaged property in Kentucky "subject to such claims thereon as the Mechanics' Bank & Trust Co. might have." The Bank & Trust Co. filed its proof of claim in this cause, in which it sought to have said mortgage established as a valid incumbrance upon the property in Kentucky covered thereby. The trustee in bankruptcy filed objections to this claim, praying that it be disallowed as a secured claim, upon the ground,

among others, that it had never been recorded in Knox County, Tennessee, where the bankrupt and the Bank & Trust Co. both had their residences at the time of its execution. The referee overruled this objection and allowed the claim of the Bank & Trust Co. as a secured claim; and the trustee thereupon filed his petition for a review of the order of the referee.

Charles M. Seymour and Cornick, Frantz & McConnell, all of Knoxville, Tenn., for trustee in bankruptcy.

T. A. Wright, of Knoxville, Tenn., for Mechanics' Bank & Trust Co.

SANFORD, District Judge. [1] 1. As section 2033 of the Tennessee Code (Shannon 3706) provides that all mortgages of personal property shall be registered in the county where "the person executing the same resides, and in case of his non-residence, where the property is," and as the bankrupt resided in Knox County, Tennessee on July 9, 1910, when the chattel mortgage in question was executed, it is clear that such chattel mortgage, not having been registered in Tennessee, must be deemed, so far as the Tennessee statute is concerned, an unregistered instrument.

2. Section 8 of the Act as approved June 25, 1910 (36 Stat. 840, c. 412 [U. S. Comp. St. Supp. 1911, p. 1500]), before the execution of this chattel mortgage, amends section 47a (2) of the bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]) so as to provide that—

"trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all the property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

Section 2003 of the Tennessee Code (Shan. 3664) provides that all mortgages of personalty shall be in writing and approved and registered, "to be valid against the creditors of the bargainor." As the trustee by the express terms of said amendment of the Bankruptcy Act is to be deemed a judgment creditor holding an execution returned unsatisfied, it is clear that under the two sections of the Tennessee Code above cited, if the validity and effect of this chattel mortgage is to be controlled by the Tennessee statutes, it must be held invalid as against the trustee, independently of the question whether before said amendment to the Bankruptcy Act, it would, although unregistered, have been good against the trustee as a representative of general creditors.

[2] 3. The question as to whether the mortgagee has acquired a valid lien upon the property in question by registration of the mortgage in the State of Kentucky where the property was situated at the time the mortgage was executed, and where it still remains, which is prior to the quasi judgment creditors' lien subsequently acquired by the trustee by virtue of the bankruptcy proceedings, must therefore clearly depend upon the question as to whether the effect of the chattel mortgage as a prior lien against subsequent judgment creditors is to be controlled by the law of the State of Tennessee, where the parties resided and the mortgage was executed, or by the laws of the State

of Kentucky where the property was situated and still remains. After careful consideration of the opposing views which are clearly and forcibly expressed in the briefs of counsel for the respective parties, I conclude that the true rule, supported by the great weight of authority, is this: That while in general the validity of a chattel mortgage is to be determined according to the lex loci contractus, yet where the mortgaged property at the time of the execution of the mortgage is situated in a State other than that in which the mortgagor is domiciled and the mortgage executed, the question of the preservation of the lien acquired by the mortgage under the laws in reference to registration and the priority of such lien over the rights and interests subsequently acquired by third persons, is to be determined by the law of the place where the property is situated at the time the mortgage is executed. 1 Wharton's Conflict of Laws (3d Ed.) § 317 (b), p. 708; Jones on Chattel Mortgages, § 305; Green v. Van Buskirk, 7 Wall. 139, 151, 19 L. Ed. 109; In re Soldiers' Dispatch Co., 3 Ben. 204, 22 Fed. Cas. No. 781; In re Brannock (D. C.) 131 Fed. 819; Hardaway v. Semmes, 38 Ala. 657; Ames Iron Works v. Warren, 76 Ind. 512, 40 Am. Rep. 258; McFadden v. Blocker, 2 Ind. T. 260, 48 S. W. 1043, 58 L. R. A. 878; Aultman Co. v. Kennedy, 114 Iowa, 444, 87 N. W. 435, 89 Am. St. Rep. 373; Arkansas Bank v. Cassidy, 71 Mo. App. 186; Clark v. Tarbell, 58 N. H. 88; Keller v. Paine, 107 N. Y. 83, 13 N. E. 635; Smead v. Chandler, 71 Ark. 505, 76 S. W. 1066, 65 L. R. A. 353; Ballard v. Min. Co., 39 W. Va. 394, 19 S. E. 510; Golden v. Cockrill, 1 Kan. 259, 81 Am. Dec. 510; Pleasanton v. Johnson, 91 Md. 673, 47 Atl. 1025; Guillander v. Howell, 35 N. Y. 657; Denny v. Faulkner, 22 Kan. 89; Rice v. Courtis, 32 Vt. 460, 78 Am. Dec. 597; Bank v. Bank (Tex. Civ. App.) 139 S. W. 665.

It is earnestly insisted, however, in behalf of the trustee, that the rule giving effect in such cases to the lex rei sitæ rather than to the lex loci contractus is based upon the fact that the litigation is in general had in such cases in the courts of the State where the property is situated, and is due to the effect given to the lex rei sitæ as the lex fori. And it is urged that upon the express authority of Runyon v. Groshon, 12 N. J. Eq. 86, where there is a conflict of laws, the laws prevailing in the State where the litigation is had, rather than those where the property is situated, should have preference. A careful examination of the cases, however, does not show, in my opinion, that the lex rei sitæ is given effect under the great weight of authority merely because it is the lex fori, but that, on the contrary, it is given effect as the lex rei sitæ itself, upon the theory that priority of liens acquired on personal property having an actual situs should be determined according to the law of the place where the property is situated. While it is true that in two of these cases, namely, Keller v. Paine and Denny v. Faulkner, the opinions of the court seem to be based, at least in part, upon the fact that the lex rei sitæ was also the lex fori, and in two of these cases, namely, Aultman Co. v. Kennedy and Smead v. Chandler, the doctrine of the lex fori appears to have been the controlling consideration in the opinion of the court, in most of the cases above cited, on the other hand, no reference whatever was

made to the lex fori and the decisions appear to be based solely upon the ground that the lex rei sitæ should control. Furthermore, in the Soldiers' Dispatch Co. case the law of New Jersey was held to control as to property there situated as the lex rei sitæ, rather than the law of the State of New York in which the litigation was being conducted in the Federal Court as the lex fori; in Arkansas Bank v. Cassidy it was specifically said that the law of the forum is only to apply in case the law of the situs cannot be determined; and in Guillander v. Howell, 35 N. Y. 657, in litigation in New York, a sale in New York of chattels situated in New Jersey was held void under the laws of New Jersey, the lex rei sitæ, although valid under the law of New York, the lex fori.

I am constrained to conclude, after the consideration of all these cases, that the great weight of authority supports the proposition that in a case of this character the lex rei sitæ should prevail, and that it is against sound public policy to add to the complication existing in cases of conflict between the lex loci contractus and the lex rei sitæ, as an added element of uncertainty of right, the question of the lex fori. It is to the public interest that in cases of this character the rights of the parties should be determined by fixed rule according to the law of the place where the property is situated rather than vary according to the law of the place where the litigation happens to be conducted. Furthermore the application of the lex rei sitæ rather than the lex fori is peculiarly appropriate in the case of a bankruptcy court, which, in a sense, through the authority of its trustee, is not merely enforcing the local law in the court in which the bankruptcy proceeding is instituted, but may obtain possession and custody of the bankrupt's property wherever situated, and which, in such cases should, I think, in reference to personal property having an actual situs in different parts of the United States, in so far as the matter of priorities of lien are concerned, administer the law of the separate jurisdictions in which the property is thus situated, rather than apply in all instances the law of the State in which the bankruptcy court is being held. In such case I think the bankruptcy court should, as a national court, be controlled by other considerations from those which might properly prevail in the court of a single State enforcing the law of that State.

This is particularly true, I think, in a case like the present where it was agreed by stipulation of the parties that the trustee might take possession of the mortgaged property "subject to such claims thereon as the Mechanics' Bank & Trust Co. might have," thus evidencing an intention that the Bank & Trust Co. should not surrender any prior lien which it had, and certainly showing no intention to waive any of the priority which it would have had if the trustee had instituted proceedings in Kentucky to acquire possession of the property, in which case the registration laws of Kentucky would clearly have prevailed.

The order of the referee sustaining the validity of this chattel mortgage against general creditors and dismissing the trustee's petition to have the claims of the Bank & Trust Co. disallowed as a secured claim, will accordingly be in all things confirmed, and the trustee's petition to

review the order of the referee will be dismissed, the costs incident to such petition to review to be paid out of the general funds being administered in this proceeding.