# CHARLESTON.

R. LEBOW *et als.* v. MACOMBER & WHYTE ROPE COMPANY *et als.*

Submitted October 2, 1917.    Decided October 9, 1917.

1.  PROCESS—*Summons—Return.*

    A summons returnable to a day which, under the law, cannot be made a return day therefor is void.  (p. 22).

2.  JUSTICES OF THE PEACE—*Docket Entries—Effect—Appearance.*

    In an action before a justice, where there are several parties interested in the suit, either as defendant or garnishee, and a process is served on some of them, an entry in the docket of the justice showing the appearance of such parties as were served with process, and further showing that the cause was continued by agreement, does not justify the conclusion that the parties not served appeared to the suit.  (p. 23).

3.  APPEARANCE—*General Appearance—Motion to Quash.*

    A defendant who appears specially and moves to quash an attachment for insufficiency of the proceedings, does not thereby, if the motion should fail, make a general appearance in the case.  (p. 24).

4.  JUSTICES OF THE PEACE—*Appeal—Dismissal of Cause.*

    If it appear, upon an appeal from the judgment of a justice, that he was without jurisdiction because proper process was not executed, and there is no general appearance by the defendant, the circuit court, on such appeal, will dismiss the cause without prejudice.  (p. 24).

Error to Circuit Court, Kanawha County.

Action by R. Lebow and others against the Macomber & Whyte Rope Company, with attachment, and with garnishment against A. S. Alexander and others. From an order of the circuit court, refusing an application for a writ of error to the judgment of the intermediate court against the defendant and the garnishees, they bring error.

*Judgment reversed, and action dismissed.*

*Alexander & McCabe* and *Morton & Mohler,* for plaintiffs in error.

*Loeb & Kenna,* for defendants in error.

RITZ, JUDGE:

On the 27th day of July, 1915, the plaintiffs instituted their action before a justice of the peace of Kanawha county, and at the same time filed an affidavit for an order of attachment upon the ground that the defendant was a foreign corporation, and at the suggestion of the plaintiffs this order of attachment was served on A. S. Alexander, R. E. McCabe and R. K. Morton, as persons having in their possession or under their control property of the defendant. The summons was not served upon the defendant, and on the 6th day of August, that being the return day of the summons, a second summons was issued returnable on the 4th day of September. This summons was posted by the constable as provided by the statute. On the 4th day of September the justice's docket shows that the garnishees appeared and filed their answer, that notice was given that the same would be contested, and that the cause was continued by agreement to the 25th day of September. Several other continuances were had until finally, on the 23d of October, the justice rendered a personal judgment against the defendant for the sum of $146.88 and costs, and rendered judgment for a like amount against the garnishees. From this judgment the garnishees appealed to the intermediate court of Kanawha county. In that court the defendant appeared for the purpose, and for the purpose only, of moving to quash the attachment. This motion was overruled by the intermediate court, and the defendant made no further appearance to the action. The intermediate court thereupon rendered a personal judgment against the defendant for the sum of $146.88, and against the garnishees for the sum of $141.77, it being ascertained that this amount was in the hands of the garnishees belonging to the defendant. The defendant and the garnishees applied to the circuit court for a writ of error to this judgment of the intermediate court, which was refused by the circuit court, and to this action of the circuit court this writ of error is prosecuted.

It is contended that the justice of the peace never acquired jurisdiction to render any judgment in this cause, for the reason that the second summons was made returnable to a

day to which such summons could not be returnable under the law, to-wit, a date within less than one month from the date of its issue.   Under the statute controlling the procedure before justices such a second summons must be made returnable not more than two months, nor less than one month from the date of its issue.   This suit sought, by attachment, to subject property of a defendant without the jurisdiction of the court to the satisfaction of a debt of plaintiff.   It is well recognized that in such cases the procedure prescribed by law must be followed.   The second summons could not be returnable in less than one month from its date.   Confessedly it was returnable to a day which, under the law, the justice òf the peace had no authority to make a return day therefor. This renders it void and of no effect.   *Coda* v. *Thompson,* 39 W. Va. 67.

. But the plaintiff contends that the justice's docket shows an appearance by the defendant, and that this waived the issuance and service of the second summons.   The fact that there is an entry on the justice's docket, on the day fixed for the return of the second summons, that the case was continued by agreement on the coming in of the answer of the garnishees, and the notice to contest their answer, is relied upon as an appearance by the defendant, giving jurisdiction to the justice to render a personal judgment, and also giving jurisdiction to render judgment against the garnishees.   The justice's docket does not show that anybody appeared except the garnishees, and it does not indicate that the defendant agreed to the continuance.   In order for a justice of the peace to acquire jurisdiction of the parties to a suit by appearance where there is no service of process, his docket must show that the party did appear.   Where there are several parties interested in the defense of a suit, as was the case here, and some of them were served with process, and it is shown that those who were thus served did appear, as in this case, it will not be held that those not served with process made such an appearance simply from the fact that the case was continued by agreement.   It will be presumed that such agreement was had between the parties actually appearing as shown by the record and the plaintiff.   *White* v. *White,* 66 W. Va. 79.

The plaintiff further contends that even though there was not an appearance before the justice there was an appearance by the defendant in the intermediate court of Kanawha county. As shown by the record, this was a special appearance for the purpose of moving to quash the attachment, and upon the overruling of this motion the defendant no further appeared to the action. It is contended that this conferred jurisdiction upon the court to proceed to trial and the rendition of judgment against the defendant and the garnishees. In *United States Oil & Gas Well Supply Co.* v. *Gartlan*, 65 W. Va. 689, we held that a defendant who appears specially and moves to quash an attachment does not, if the motion should fail, thereby make a general appearance in the case. It seems to be settled law in this state that one who appears in a case for the special purpose of making a motion which challenges the jurisdiction of the court in which such case is pending, does not thereby submit to such jurisdiction should such motion be overruled. *United States Oil & Gas Well Supply Co.* v. *Gartlan*, 65 W. Va. 689; *Fulton* v. *Ramsey*, 67 W. Va. 321; *Chapman* v. *Maitland*, 22 W. Va. 329; *Steele* v. *Harkness*, 9 W. Va. 13. It therefore follows that neither the justice of the peace nor the intermediate court of Kanawha county acquired jurisdiction to render any judgment in this case against the defendant. Until jurisdiction was first acquired to ascertain that the defendant was indebted to the plaintiff, of course no judgment could be rendered against the garnishees. The fact that personal service was had upon the garnishees did not obviate the necessity of the court acquiring jurisdiction to determine whether there was an indebtedness of the defendant to the plaintiffs. To ascertain this fact neither the justice nor the intermediate court had jurisdiction, and the judgment rendered against the defendant, as well as that rendered against the garnishees, is void.

Can this cause now be remanded to the circuit court for the purpose of acquiring jurisdiction against the defendant by the issuance of a second summons? When the appeal was taken from the justice the case was transferred to the intermediate court for a trial *de novo* to be had therein. The in-

termediate court had authority under the law to try the cause of action if the justice had acquired jurisdiction. No authority is given to that court or to the circuit court to issue process in aid of the justice's jurisdiction, or to exercise any jurisdiction other than that already acquired by the justice. *Richmond* v. *Henderson*, 48 W. Va. 389; *State ex rel Porter* v. *Studebaker*, decided at this term of this court. Nor is there any authority in the circuit or intermediate courts to remand the cause to the justice for further process. The only authority given to the circuit court is to try the case *de novo* and dispose of it. If the justice before whom the suit was commenced never acquired jurisdiction to try and determine it, upon ascertaining this fact the circuit court should dismiss the proceeding without prejudice to the plaintiff's right to again sue upon the claim.

We therefore reverse the judgment of the circuit court, as well as the judgment of the intermediate court, of Kanawha county, and enter judgment here dismissing the suit without prejudice to the right of the plaintiffs to assert their claim in any other appropriate suit or proceeding.

*Judgment reversed, and action dismissed.*