# CHARLESTON.

SEYMOUR YOST *et al. v.* W. H. O'BRIEN, *Judge et al.*

(No. 5537)

Submitted October 27, 1925.   Decided November 10, 1925.

1. JUDGMENT—*Statute Giving Judge of Circuit Court Jurisdiction in Vacation to Correct Error Held to Apply to Clerical Error, or Error in Fact Only.*

   The provision of section 1, chapter 134 of the Code, giving the judge of a circuit court jurisdiction in vacation to reverse or correct any judgment or decree which may be reversed or corrected on writ of error coram nobis, applies to clerical error or error in fact only, and not to error in point of law.   (p. 411.)

   (Judgments, 34 C. J. §§ 443, 451.)

2. SAME—*Statute Permitting Court to Correct Certain Mistakes Held Applicable Only to Default Judgment and to Decree on Bill Taken for Confessed.*

   The first paragraph of section 5, chapter 134 of Barnes'

Code, 1923, is applicable only to default judgments and to decrees on bills taken for confessed.    (p. 411.)
> (Judgments, 34 C. J. § 445.)

3.   SAME—*Decree of Dismissal on Bill and Answer Alone May Not be Reversed or Set Aside in Vacation on Plaintiff's Motion; "Decree on a Bill Taken for Confessed."*

A decree in favor of the defendant, on bill and answer alone, without replication, dismissing plaintiff's bill, is not a decree on a bill taken for confessed, which can be reversed or set aside in vacation on plaintiff's motion.    (p. 412.)

> (Judgments, 34 C. J. § 651.)

> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by Seymour Yost and others for prohibition to be directed to W. H. O'Brien, Judge, and others.

*Writ awarded.*

*A. G. Mathews,* for relator.
*Ellison & Ellison,* for respondents.

MILLER, JUDGE:

By writ of prohibition the petitioners seek to prohibit the judge of the circuit court of Calhoun County and the respondent William Smith from proceeding further in a suit in which they were defendants and the said William Smith was plaintiff.

In November, 1924, the respondent Smith sued out a summons in chancery against petitioners Yost and Griffin, returnable to December rules. At January rules 1925 said respondent filed his bill, alleging that on July 5, 1924, a paper writing purporting to be the last will of his deceased mother E. E. Yost was admitted to probate in the office of the clerk of the county court of Calhoun County; that by said alleged will the petitioner G. W. Griffin was nominated executor thereof, and that by the said will the greater part of the property of which his mother died seized and possessed was devised to his stepfather, the petitioner Seymour Yost; that said Yost had, by undue influence over said testator, who was

afflicted with bodily and mental infirmity, secured the making of said alleged will. The bill prayed that an issue devisavit vel non be made up to ascertain whether or not the paper writing so probated was in fact the true last will of said decedent. The chancery rule book in the circuit clerk's office shows the following entries: "January rules, 1915, process executed on each of the defendants. Bill and exhibits filed, and decree nisi." "February rules 1925. Bill taken as for confessed and set for hearing."

By an order entered on April 22, 1925, at the April term of the circuit court, reciting, "This cause came on this day to be heard, upon the process duly served upon defendants, Seymour Yost and G. W. Griffin, upon the plaintiff's bill and the exhibits therewith filed at the rules, decree nisi thereon taken for confessed and set for hearing; upon the joint and separate answer of the defendants, Seymour Yost and G. W. Griffin, and was argued by counsel," the court found that the will in question was the true last will and testament of the deceased, and that she was of sound mind, and was not unduly influenced by the petitioner Yost, and dismissed plaintiff's bill with costs. An order of the court entered on the next day, April 23, 1925, recites the fact that an order having been directed on yesterday filing the answer of defendants Yost and Griffin, "the same is entered now for then." The answer denied all the material allegations of the bill.

On July 11th following, respondent Smith served notice on petitioners that on July 29th he would move the judge of the circuit court, in vacation, to set aside the order of April 22nd, assigning a number of grounds therefor. On the day named in the notice, the following vacation order was made and directed to be entered: "This day came the plaintiff by his attorneys, Ellison and Ellison, and moved the court to set aside the decree rendered in this cause on the 22nd day of April, 1925, and reinstate the cause upon the docket of this court, upon the grounds alleged and set out in said notice, which notice is ordered to be filed and made a part of this motion. And this motion coming on to be heard upon the notice duly served upon the defendants, upon all the evidence introduced, upon all the pleadings and papers hereto-

fore filed in this cause and was argued by counsel and considered by the court. Upon all of which the court is of opinion that said motion should be sustained. It is, therefore, adjudged, ordered and decreed that the decree entered in this cause on the 22nd day of April, 1925, be and the same is hereby set aside, and this cause reinstated upon the docket of this court to be proceeded in according to law. It is further ordered that the clerk of this court enter this order as a vacation order as of the date of July 29, 1925."

Respondents rely on sections 1 and 5 of chapter 134 of the Code for jurisdiction of the circuit court to set aside in vacation the decree of April 22nd. Said section 1 provides: "For any clerical error or error in fact for which a judgment or decree may be reversed or corrected on writ of coram nobis, the same may be reversed or corrected, on motion after reasonable notice, by the court, or by the judge thereof in vacation." A writ of coram nobis lies only to errors of fact, and not in point of law. *Bank* v. *Ralphsnyder,* 54 W. Va. 231, 235; *Stewart* v. *Stewart,* 40 W. Va. 65; *Morris' Admr.* v. *Peyton's Admr.* 29 W. Va. 201. The errors relied on in respondent Smith's motion to reverse the decree of April 22nd, were errors in procedure, and not of fact; for the motion alleges that the court erred in permitting the defendants in the cause to file their answer and take a decree against him at the same time, without continuing the cause for further pleadings on his part; and that defendants could not have the cause set for hearing on their answer until after the two months provided by section 50 of chapter 125 of the Code had elapsed. The error, if any, was error of law.

The part of said section 5, chapter 134 of the Code, relied on, applies only to default judgments and to decrees on bills taken for confessed. *Ferrell* v. *Camden,* 57 W. Va. 401. The decree of April 22nd can not be said to be a decree on a bill taken for confessed; for the decree was against the plaintiff, who had filed his bill at rules. He was not in default, even if he did not reply to the answer. "The very word 'default' means non-appearance." *Bock* v. *Bock,* 24 W. Va. 586; *Hunter* v. *Kennedy,* 20 W. Va. 343; *Watson* v. *Wigginton,* 28 W. Va. 533. A full discussion of the force and effect of sections

5 and 6 of chapter 134 will be found in the opinion in *Watson* v. *Wigginton,* with reference to the early Virginia and West Virginia cases.

A "decree on a bill taken for confessed," necessarily means that the defendant has not appeared to the bill, not that such decree can be entered against plaintiff where he fails to reply to an answer filed to his bill. There can be no decree on a bill taken for confessed when both parties have appeared and filed their pleadings. "Generally, when a bill is heard without plea or answer to it the hearing is on a bill taken for confessed. A decree upon such a hearing is 'a decree on a bill taken for confessed.' " *Katzenstein* v. *Prager,* 67 W. Va. 343, 349; 1 Carlin's Hogg's Equity Procedure, sec. 610. "Where the cause comes on to be heard upon the bill and answer without any replication thereto, if the answer clearly and unequivocally deny those allegations in the bill, upon which alone it can be sustained, or if the answer set up sufficient new matter in avoidance of those allegations, in either case the bill should be dismissed." 2 Robinson's Practice, 404; Barton's Chancery Practice, 820. And our statute, section 50, chapter 125 of the Code, provides that, if two months elapse after defendant files his answer without the case being set for hearing as to the plaintiff and without exceptions being filed to his answer, he may have the case set for hearing as to himself.

The decree of April 22, 1925, recites that it was entered on the cause set for hearing; and our conclusion is that the circuit court was without jurisdiction, in vacation, upon motion of the plaintiff in the cause, to set aside such decree, the error, if any therein, being error correctable only by bill of review or by appeal.

The writ will be awarded as prayed for.

*Writ awarded.*