CARROLL W. REED

*v.*

ESTHER ELIZABETH SCHWARZ

(No. 10639)

Submitted April 27, 1954.    Decided May 18, 1954.

*A. C. Schiffler, Chester D. Hart, Jr.,* for plaintiff in error.

*Sam E. Schafer,* for defendant in error.

GIVEN, PRESIDENT:

Plaintiff, Carroll W. Reed, instituted an action in assumpsit in the Circuit Court of Ohio County, against defendant, Esther Elizabeth Schwarz, for recovery of money alleged to be due on contract. An affidavit for an attachment was filed at the time of the commencement of the action. An order of attachment was issued and served by attachment of certain real estate of defendant. On motion of defendant, the circuit court quashed the order of attachment and dismissed the action. This Court granted a writ of error.

The praecipe was filed in the office of the clerk of the court on December 5, 1952, and directed that the summons be made "returnable to January Rules, 1953". On the same day the declaration was filed. There was also filed on the same day an affidavit for an order of publication, on the ground that defendant was a nonresident of the State, which order of publication was duly issued and published. Also on December 5, 1952, plaintiff filed an affidavit for attachment, on which day the clerk issued an order of attachment, which was made returnable "to the next term of the said Circuit Court of the County of Ohio, at rules to be held for the Circuit Court of Ohio County, on the 5th day of December, 1952". The sheriff of Ohio County, on the same day, attached real estate of defendant and made return thereof to the clerk's office. It may be noticed that Rule days for the month of December, 1952, had expired at the time of the issuance of the order of attachment.

As above pointed out, the attachment was issued and

served on the fifth day of December, 1952, the day it was issued. Subsequent to that time defendant, appearing specially, moved the court to quash the attachment, and plaintiff moved the court to correct the record by striking from the order of attachment the words "December Rules, 1952", and inserting in lieu thereof the words "January Rules, 1953". Some time subsequent to the sheriff's return of the attachment, the return date fixed in the copy of the order upon which the sheriff indorsed his return was corrected, presumably by the clerk of the court, so as to make the return day of the order "the 5th day of January, 1953". The other copy of the order found in the record reflects no such attempted correction.

It is the contention of defendant that the error as to the return date of the order of attachment renders the order for attachment void, for the reason that the date fixed for the return day is an impossible date. Plaintiff's position is that the error is clerical only and that the record may be corrected by virtue of Code, 58-2-3, which reads: "For any clerical error or error in fact for which a judgment or decree may be reversed or corrected on writ of error coram nobis, the same may be reversed or corrected, on motion after reasonable notice, by the court, or by the judge thereof in vacation."

In *Delaplain & Co.* v. *Armstrong & Ulrich*, 21 W. Va. 211, this Court held: "1. The remedy by attachment, being authorized alone by statute and in derogation of the common law, and, moreover, being summary in its effects and liable to be abused and used oppressively, its application will be carefully guarded by the courts and it will be confined strictly within the limits prescribed by the statute." See *Queen* v. *Man Hospital*, 128 W. Va. 574, 37 S. E. 2d 443. It is not contended, of course, that inconsequential errors may not be corrected by virtue of the Code provision quoted above. See *Shenandoah Valley National Bank* v. *Hiett*, 121 W. Va. 454, 6 S. E. 2d 769; *Yost* v. *O'Brien*, 100 W. Va. 408, 130 S. E. 442; *Mabie* v. *Moore*, 75 W. Va. 761, 84 S. E. 788; *Miller* v. *Zeigler*, 44 W. Va. 484, 29 S. E. 981; *Bohn* v. *Zeigler*, 44 W. Va. 402,

29 S. E. 983; *Stewart* v. *Stewart,* 40 W. Va. 65, 20 S. E. 862; *Ballard* v. *Great Western Mining & Manuf'g. Co.,* 39 W. Va. 394, 19 S. E. 510; *Stringler* v. *Anderson,* 23 W. Va. 482; *Anderson* v. *Kanawha Coal Co.,* 12 W. Va. 526; *Farmer's Bank of Virginia* v. *Gettinger,* 4 W. Va. 305.

In *Ballard* v. *Great Western Mining & Manuf'g. Co.,* 39 W. Va. 394, 19 S. E. 510, the affidavit for an attachment stated that plaintiff was entitled to recover "at the least eight hundred and forty dollars and twenty four cents", but the order of attachment required the officer to attach "the estate of the defendant sufficient to pay one thousand and five hundred dollars". It was held that the mistake of "the clerk in issuing such order of attachment is not such a clerical error as may be corrected on motion, and such attachment should be quashed on motion of the defendant".

In *Miller* v. *White,* 46 W. Va. 67, 33 S. E. 332, 76 Am. St. Rep. 791, involving the sufficiency of an affidavit for an attachment, the Court held: "3. Where there is no service of process or appearance, and the seizure of property of defendant is the foundation of jurisdiction, defective or irregular affidavits for attachment, though they might reverse a judgment in the case for error in departing from the statute, do not make the suit one without jurisdiction, if the court have jurisdiction in cases of that class. A total want of affidavit for attachment in such case would show there was no jurisdiction, but a mere insufficient averment in the affidavit would not. *Cooper* v. *Reynolds,* 10 Wall. 309. (p. 71)." In discussing the question Judge Brannon used this language: "Another question: I have no idea that, if there is no jurisdiction for the suit at its start, a second attachment can impart jurisdiction. Jurisdiction, at the start of Carney's suit, rested on the charge that White had absconded and concealed himself from process, and that the debt was fraudulently contracted; and, it being a suit in equity on a legal demand, jurisdiction rested solely on the attachment; and, the first affidavit was bad, the question arises whether there was jurisdiction,—that is, whether the bad

affidavit gave the court jurisdiction, so as to warrant a second attachment. For such a question we must distinguish between void and voidable. The first affidavit, though defective, was only voidable or quashable, not a total nullity; and the attachment gave jurisdiction, notwithstanding the defect in the affidavit. Van Fleet, Coll. Attack, §257; *Cooper* v. *Reynolds*, 10 Wall. 308. Mere error in proceedings does not destroy jurisdiction, if the court has jurisdiction in cases of that class. Drake, Attachm. §89. Attachment proceedings are not void because an affidavit fails to say that the claim is 'just.' *Ludlow* v. *Ramsey*, 11 Wall. 581. That is the defect in the first affidavit in Carney's Case. A total absence of affidavit would render the suit one without jurisdiction, but a mere insufficient averment in an affidavit would not make the proceeding void, as one without jurisdiction. 1 Shinn, Attachm. §§152, 411, note 3; Drake, Attach. §87a * * *".

In *Millar* v. *Whittington*, 77 W. Va. 142, 87 S. E. 164, the Court held an affidavit for an attachment fatally defective for the reason that it did not sufficiently state the nature of plaintiff's claim, and further held, Point 2, that "Such a defect is not remediable by amendment". In *Sims* v. *Bank of Charleston*, 3 W. Va. 415, an order of attachment which did not run in the name of the State was held invalid. In *Coda* v. *Thompson*, 39 W. Va. 67, 19 S. E. 548, the Court held "Process returnable to a day which is not a lawful return day is void"; that "An order indorsed upon an attachment, requiring a garnishee to appear and answer, is process * * *", and further, that "Such order being not simply irregular but void, it can not be amended as to its return-day".

Strict application of the rule has not been confined to cases involving attachments. The rule has been applied to cases generally involving questions of validity of process. In *Kyles* v. *Ford*, 2 Rand. 1 (1823), it was held that "Process made returnable to a day which is not a return-day, is void; and a scire facias cannot be amended". In *Gorman* v. *Steed*, 1 W. Va. 1, this Court held: "3. A motion to quash a writ, which is dated October 23, 1863, and re-

turnable on the 'first Monday in July next,' when the true date on which it was issued was between the 20th and 25th of June, 1863, should be sustained, as the confusion of dates was calculated to delude the defendant as to the day when he should appear and answer the same."

In *Fisher, Sons & Company* v. *Crowley,* 57 W. Va. 312, 50 S. E. 422, summons was issued on the twenty fifth day of November, 1903, and was made returnable to Rules to be held in the clerk's office "on the first Monday in December next". The first Monday in December was the first day of the term of court in which the proceeding was commenced, so that Rules for that month were held on the last day of the preceding month, by virtue of the statute then in effect. The Court held: "1. A summons, commencing an action in a superior court of general jurisdiction, materially defective in respect to time or place of its return, to which objection has been taken in proper time and manner and preserved by exception, will be held void and quashed in a direct proceeding in the same action, to reverse for the error of the trial court in refusing to quash it." "2. A summons, commencing an action in a court of record cannot be amended in any substantial particular, unless the statutes of amendment authorize it." See *Lebow* v. *Macomber & Whyte Rope Company,* 81 W. Va. 21, 93 S. E. 939; *Town of Point Pleasant* v. *Greenlee and Harden,* 63 W. Va. 207, 60 S. E. 601, 129 Am. St. Rep. 971; *Ketterman* v. *Dry Fork Railroad Co.,* 48 W. Va. 606, 37 S. E. 683, 45 L. R. A., N. S., 758n, L. R. A. 1917E 172n.

In the recent case of *Town of Camden on Gauley ex rel. Mollohan* v. *O'Brien,* 138 W. Va. 787, 79 S. E. 2d 74, a summons was issued on April 16, 1952, and made returnable to "Rules to be held for the said Court, on the first Monday of May next". The return day fixed in the writ was the first day of the May, 1952, Rule days. The Court held: "7. The issuance and service of process in the manner prescribed by Code, 56-3-4, 5, unless waived, is essential to the jurisdiction of the trial court to entertain

an action at law or a suit in equity; and such jurisdiction must always affirmatively appear by proper process, and service on the defendant or acceptance of service by or on behalf of the defendant." In the opinion it is stated: "* * * Process to be valid must fully inform a defendant of the time and place of the return. Its object is to so inform a defendant whether he be lettered in the law or not. The instant process was worded so that it might delude the defendants as to the place where they should answer plaintiff's 'Plea of Debt'. If the defendants were not, in fact, so deluded, that is of no consequence. The question here is not whether the defendants were prejudiced by the inept language, concerning the return day of the process, used in the process, but whether the process was such that it sufficiently informed the defendants as to the return day and place of the summons. As it does not, it is void, and its issuance did not serve to institute an action at law against the defendants. It therefore follows that the Circuit Court of Webster County had no jurisdiction to entertain this action, and such lack of jurisdiction cannot and will not be ignored by this Court." The reasoning and conclusions stated in that case govern the question involved in the instant case.

Plaintiff has directed our attention to the cases of *Richmond and D. R. Co.* v. *Benson,* 86 Ga. 203, 12 S. E. 357; *Kelly* v. *Harrison,* 69 Miss. 856, 12 So. 261; *Guptill* v. *Horne,* 63 Me. 405; and *Speare* v. *Stone* (1st C. C. A.) 193 F. 375. An examination of the opinions in the cases discloses that the respective holdings were based either upon a statute materially different from the West Virginia statute or upon a theory of what constitutes a clerical error different from that followed in the decisions of this Court herein referred to. We do not believe that a loose construction should be placed upon a statute of such importance to a defendant, whereby his property may be attached and sold without notice to him. Such a statute should be strictly construed and strictly applied.

From the conclusions reached, it necessarily follows that the judgment of the Circuit Court of Ohio County must be affirmed. *Affirmed.*